SEATON & SON v. HAMILTON & CO.

1. FILING TRANSCRIPTS: CODE CONSTRUED.  A transcript of a judgment rendered in the District Court of one county, filed in the office of the clerk of the District Court of another county, as provided by chapter 131, Code of 1851, operates only as a lien upon the real estate of the defendant in the county in which it is filed.  It does not authorize the clerk of such county to issue execution thereon.

2. SAME.  When a transcript of a judgment recovered in the District Court of Decatur county, was filed in the office of the clerk of the District Court of Boone county, and an execution was issued thereon by said clerk, under which certain parties were garnished and summoned to appear at the next term of the District Court of said county, in compliance with which they answered as required, and judgment was rendered against them upon their answer, it was held that all of said proceedings subsequent to the filing of the transcript were without authority of law and that the judgments were void.

*Appeal from Boone District Court.*

WEDNESDAY, APRIL 18.

THE plaintiff obtained a judgment against defendant in the District Court of Decatur county, and caused a copy thereof to be filed in the office of the clerk of the District Court of Boone county.  Upon the transcript thus filed, an

execution was issued, directed to the sheriff of Boone county, who, in pursuance of the commands of such writ, garnished certain persons as the debtors of defendant, and summoned them to appear at the next term of the District Court of Boone county to make answers as to their indebtedness to defendant. At the next term of said court, the answers of the garnishees were taken and judgment rendered against them thereon, from which judgment defendant appeals.

*John A. Hull* for the appellant.

No appearance for the appellee.

BALDWIN, J.—We think the District Court erred in rendering judgment against the garnishees, without any notice being served upon defendant, and also in proceeding against the garnishees. The clerk of the District Court of Boone county had no authority to issue an execution upon the transcript thus filed. It does not appear that the transcript was docketed and indexed as provided by law, and we think that the law does not confer any power upon such clerk to issue an execution. He has no such authority unless it is expressly given to him by some statutory enactment. The only provisions of the legislature under which this authority can be claimed are embraced in chapter 131 of the Code.

The object of the provision of this chapter, is to give to the judgment plaintiff a lien upon any real estate of the defendant in the county where such transcript may be filed, and to operate as a notice to purchasers subsequent to the filing thereof. This chapter provides "that judgments of the District Court, of the Supreme Court and of the District Court of the United States, become liens by the filing of copies thereof, as described in this chapter. The clerk shall docket and index the same as though the judgment had been rendered in this court." The law does not declare that such filing, indexing and docketing shall have the effect of a judgment rendered, it merely becomes a lien. The judgment creditor has a full remedy by the statute which confers upon

him the right to issue an execution from the county where the judgment was rendered to any county in the State. If such authority is given by this provision as is claimed, the clerk has a right to issue an execution, upon a copy of the judgment of the District Court of the United States thus filed, as well as upon copies of the judgments of the State courts, which we think would not be insisted upon as correct by any one.

The clerk having no power to issue such execution, all of the proceedings thereunder were irregular and insufficient to give the court jurisdiction of this cause. The judgment against the garnishees is therefore reversed.