## FURMAN v. DEWELL.

1. Homestead: CHANGE OF. Under the provisions of the statute the owner may change his homestead ; and the new homestead, to the extent in value of the old one, will be exempt in all cases in which that would have been.

2. —— It was accordingly *held,* where the defendant changed his homestead from premises on a lot in town to a tract not exceeding forty acres in the country, and of no greater value than the first homestead, that the new one was exempt.

3. Execution: WHERE ISSUED. Where judgment is rendered in one county and a transcript thereof filed in another, execution must issue from the former one ; and a sale made under an execution issued in the latter one is invalid.

*Appeal from Harrison District Court.*

FRIDAY, OCTOBER 10.

ACTION TO RECOVER REAL PROPERTY. Trial by the court. Judgment for defendant. Plaintiff appeals. The facts appear in the opinion.

*F. Bangs* for the appellant.

*J. R. Zuver* for the appellee.

MILLER, J.—I. The record shows that on the 24th day of February, 1869, the plaintiff recovered a judgment against defendant in the Linn circuit court upon a promissory note executed January 24, 1869. A transcript of this judgment was filed in the office of the clerk of the district court of Harrison county, Iowa, February 24, 1869, and an execution was issued thereon by the said clerk, upon which the sheriff of Harrison county levied upon and sold to the plaintiff the land in controversy.

It further appears, that the defendant is the head of a family; that as such, in March, 1865, he acquired title to,

and occupied as a homestead, a lot and a half in the town of Magnolia until April, 1871; that in April, 1867, defendant purchased the land in controversy (being thirty-five acres of unimproved land), with the view of making the same his future homestead; that he built a house thereon, broke part of the land and made other improvements, and in April, 1871, moved from his residence in town upon this land where he has continued to, and still resides with his family. The evidence also shows that the defendant did not in any manner acquiesce in the sheriff's sale. The sheriff's sale occurred on the 16th day of October, 1871.

It thus appears, from the evidence, that when the judgment on which the land was sold was rendered, the defendant owned and occupied a homestead in the village of Magnolia; that he had previously purchased the land in controversy with a view of making it his future homestead, but had not occupied it as such at the time of the rendition of the judgment. He was residing thereon, however, at the time of the levy and sale.

Appellant's counsel insists that the judgment became a lien on the land at the time of filing the transcript in Harrison county, which was prior to defendant's occupancy thereof, and that therefore the sale was valid and passed the title to the purchaser, the plaintiff.

That the judgment became a lien on the land, as claimed by counsel, may be conceded, and yet the conclusion drawn from the premises does not follow.

It is agreed by counsel that the property occupied by defendant in the village possessed the character of a homestead during the time the defendant occupied it as a home.

The statute (§ 2288 of the Revision) provides: "The owner may from time to time, at his pleasure, change the limits of his homestead, by changing the metes and bounds as well as the record of the plat and description, *or he may change the homestead entirely;* but such changes shall not

prejudice conveyances or liens made or created previously thereto."

(§ 2289.) "The new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former homestead would have been exempt, but in no other or in any greater degree."

Under these provisions of the statute the defendant had the right, at his pleasure, to change his homestead by removing from his home in town to the land in controversy. This right the law gave him in explicit and unambiguous language, provided, only, that such change should not prejudice the prior lien of the plaintiff. After the change of homestead was made, the law exempted the new homestead from execution, just as the old one had been exempt before the change and to the same extent.

When the defendant abandoned the old homestead as such, and removed upon the new one, the lien of plaintiff's judgment attached to the former homestead (it being still owned by defendant), and to the extent of the value of the old homestead, such lien was transferred from the new homestead to the old one, thus exempting the new homestead to the extent in value of the old, without any prejudice to plaintiff's lien. Under the statute the defendant had the right to change his homestead at pleasure, provided that the lien of plaintiff's judgment on the new homestead should not be prejudiced thereby. By subjecting the old homestead to the payment of the judgment the plaintiff's rights are preserved, his lien is not prejudiced or impaired by being transferred from the new to the old homestead of equal value, or to the extent of the value of the latter. In this case it is shown that the old homestead is of greater value than the new, so that the plaintiff's lien rested on better security after the change than it did before.

The statute not only conferred on the defendant the right to change his homestead in the manner he did, but

said to him that his new homestead, " to the extent in value of the old," should be " exempt from execution in all cases where the old or former homestead would have been exempt." Now, if after the change of homestead the new one remained liable absolutely to be sold on execution on the plaintiff's judgment, because it had been a lien thereon, and the former homestead also became subject to execution — as it undoubtedly did by being abandoned as such — then the statute would be a mockery. The owner of the homestead, under such a construction, would be practically deprived of the right to change his homestead, and the statute exempting the new homestead to the extent that the old one was exempt would be entirely defeated, for, upon appellant's theory, a change of homestead would render the former one liable to execution while the new one would continue to be liable in the same manner as it had been before the change. By making the change the old homestead would become liable while the new would not be exempt. This is contrary to the plain language and obvious purpose of the statute.

The land in controversy, at the time of the levy and sale, was the homestead of defendant, and as such was not liable to sale on the execution, and such sale and the deed made in pursuance thereof passed no title to the plaintiff. The judgment of the court below therefore was right.

II. The judgment was also right for another reason. Plaintiff's judgment, on which the land was sold, was

**3. EXECUTION: where issued.** rendered in Linn county, Iowa, a transcript thereof filed in Harrison county, and the execution, by virtue of which the sale was made, issued from the clerk's office of the latter county. The clerk of the district court of Harrison county possessed no authority to issue the execution, and the writ conferred no authority on the sheriff to levy and sell, and all the proceedings under it were void. Execution in such cases must issue

from the county where the judgment was rendered. Rev., §§ 3248, 3249; *Seaton* v. *Hamilton*, 10 Iowa, 394.

Affirmed.