Filed Sept. 24, 1884.

———————

No. 10,413.

SHATTUCK v. COX.

JUDGMENT.—*Execution.*—Execution should issue from the circuit court in which a judgment is rendered.
SAME.—*Filing Transcript. — Execution.—Sheriff's Sale. — Quieting Title.—Prayer for Relief.*—Where there is an appearance, and it is averred and found that the plaintiff's lands have been sold upon an execution issued by the clerk of V. county upon a transcript of a judgment of the circuit court of S. county, filed in the office of the clerk of V. county, there should be judgment setting aside the sheriff's sale, though that relief be not prayed.

From the Superior Court of Vigo County.

*N. G. Buff, J. T. Pierce, D. T. Morgan* and *S. Coulson,* for appellant.

*J. T. Scott* and *C. F. McNutt,* for appellee.

HAMMOND, J.—The appellant, who was plaintiff in the

court below, demanded as relief in his complaint an accounting with the appellee, to ascertain the amount due the latter on his purchase at sheriff's sale of certain lands of the appellant in Vigo county. The appellee's answer was in four paragraphs, the first being the general denial, the second a special denial, and the third and fourth each called a counter-claim. Demurrers were filed and overruled to said third and fourth paragraphs. Reply in denial and by special paragraph. Trial by the court; special finding of facts; conclusions of law in favor of the appellee. The appellant moved for a *venire de novo*, for judgment in his favor upon the special finding of facts, and for a new trial. These motions were overruled, and the court rendered judgment dismissing the action at the appellant's costs.

The facts alleged in the appellant's complaint were to the effect following:

On January 21st, 1874, John Collier obtained judgment in the Sullivan Circuit Court against the appellant and his wife for $2,210 and the foreclosure of a mortgage. Under the foreclosure, the land therein described was sold at sheriff's sale to Collier, on August 29th, 1874, for $1,250. Appellant paid Collier on the judgment $500, on August 24th, 1875. On August 25th, 1875, Collier assigned the residue of the judgment and his certificate of purchase to the appellee. The latter afterwards obtained a sheriff's deed upon said certificate of purchase. Appellant subsequently made payments to appellee on the judgment, amounting to $329. A certified transcript of said judgment, rendered in the Sullivan Circuit Court, was filed in the office of the clerk of the Vigo Circuit Court, on April 29th, 1875. On this transcript, the appellee caused an execution to issue by the clerk of said Vigo Circuit Court, on August 5th, 1880, under which execution certain lands of the appellant in Vigo county were sold at sheriff's sale to the appellee, on November 11th, 1880, for $1,353, that being the balance of principal, interest and costs claimed by the appellee to be due upon said judg-

ment. It is averred in the complaint that the amount due on the judgment at the time of the sale was only $500.

As no judgment was rendered in favor of the appellee upon either of his counter-claims, and as in our opinion none can be rendered thereon in the present action, the error, if any, of overruling the appellant's demurrer to said counter-claims was harmless.

The special finding of facts embraces many questions not properly in issue under the pleadings. It is found, however, that the judgment under which the appellant's lands in Vigo county were sold was rendered in the Sullivan Circuit Court; that a transcript thereof was filed in the office of the clerk of the Vigo Circuit court; and that the sale of said lands in Vigo county was made under an execution issued upon the transcript of that judgment by the clerk of the Vigo Circuit Court. This finding sufficiently covered the issues to make a *venire de novo* unnecessary.

The statute authorizes the transcript of a judgment to be filed in the office of any clerk of the circuit court in this State, and from the time of such filing the judgment becomes a lien upon the real estate of the judgment debtor in the county in which the transcript is filed. Sections 610 and 611, R. S. 1881. As to a judgment rendered before a justice of the peace, the statute authorizes the issue of an execution, in certain cases, by the clerk of the court where the transcript is filed. Sections 612, 613 and 614, R. S. 1881. But as to other judgments the execution must issue from the court in which they were rendered. 2 Works Pr., section 1141; Freeman Ex., sections 10 and 15.

The issue by the clerk of the Vigo Circuit Court of the execution upon the transcript of the judgment rendered in the Sullivan Circuit Court, was without authority of law. The execution and the sale thereunder were void.

The appellant's demand for relief did not specifically ask that the sale of his Vigo county lands be set aside, but he was clearly entitled to that relief under the facts stated in

his complaint and specially found by the court.    The sale of his land under an unauthorized execution placed a cloud upon his title, for the removal of which he was entitled to equitable relief.    Where, as in the present case, the defendant answers the complaint, the court may grant any relief consistent with the case made by the complaint and embraced in the issues, even though such relief exceeds that demanded in the complaint.    Section 385, R. S. 1881.

The appellant's motion for judgment in his favor on the special finding of facts should have been sustained.

The judgment is reversed at appellee's costs, with instruction to the court below to render judgment for the appellant setting aside the sheriff's sale of his lands in Vigo county, described in his complaint, leaving other questions embraced in the special finding of facts to be settled between the parties in another action.

Filed June 20, 1884.   Petition for a rehearing overruled Nov. 11, 1884.