## BOSTWICK *et al.* v. BENEDICT, Sheriff.

1.  A transcript of a judgment rendered in the circuit court of one county, filed in the office of the clerk of the circuit court of another county, as provided in Section 5104, Comp. Laws, operates only as a lien upon the real estate of the defendant in the county in which it is filed.

2.  The filing of such transcript does not authorize the clerk of the county in which it is so filed to issue execution thereon.

3.  It seems that the sheriff of such latter county, receiving an execution showing upon its face that it is so issued upon a transcript, but treating it as a valid execution, and collecting money thereon, is estopped from setting up such invalidity in a proceeding for his amercement for his refusing to pay over the money so collected.

4.  Under Section 5175, Comp. Laws, providing that, after issue of execution upon a judgment, any person indebted to the judgment debtor may pay the amount of his debt to the sheriff in discharge thereof, the right of any person so indebted to thus pay is not affected by the fact that such debt has gone into judgment, or that execution has issued thereon, upon which no proceedings have been taken.

5.  Money so received by the sheriff is to be treated by him as other money collected on his execution.

6.  Whatever may be the rights of the creditor whose debt has thus been paid to the sheriff to claim the money so paid as exempt,—as to which quaere,—the sheriff cannot be amerced for paying the same over to the plaintiff in the execution, in the absence of any showing that such creditor claimed, or was entitled to claim, such exemption.

(Syllabus by the Court. Opinion filed Dec. 9, 1893.)

Appeal from circuit court, Grant county. Hon. J. O. AN-DREWS, Judge.

Action against the sheriff of Grant county for non-payment of moneys alleged to have been collected by him on execution. From an order for judgment for plaintiffs, defendant appeals. Reversed.

The facts are stated in the opinion.

*Taubman & Potter* and *Little & Nunn,* for appellants.

The filing of a transcript of judgment in the office of the clerk of the court of another county from that in which the judgment was rendered confers no authority upon the clerk of court of such other county to issue an execution thereon. Such execution must be issued by the clerk of court of the county in which the judgment was rendered. Seaton & Son v. Hamilton, 10 Ia. 394; Furman v. Dewell, 35 Ia. 170; Freeman on Executions, § 14; Kentzler v. Railway Co., 47 Wis. 641.

Under the provisions of § 5175, Comp. Laws, providing that after issue of execution upon a judgment any person indebted to the judgment debtor may pay the amount of his debt to the sheriff in discharge thereof, the judgment debtor, Knight, had the right to pay the money due to the plaintiffs on the judgment to the appellant with instructions to apply the sum upon an execution issued against the judgment creditors in favor of another, and it was the duty of appellant to so apply it. The execution issued upon respondents' judgment being void appellant cannot be charged with any violation of official duty or neglect of its requirements. Pirie v. Harkness, 52 N. W. 581; Murfree on Sheriffs, 963; Hunter v. Philips, 56 G. 634; De La Garza v. Booth, 28 Tex. 447.

A judgment in amercement proceedings must set out every fact necessary to give the court jurisdiction. Black on judgments, 280; Murfree on Sheriffs, 964.

*R. B. Smithers* and *John W. Bell*, for respondents.

Money collected by an officer on legal process and while in his hands is to be regarded as in the custody of the law. An officer who has collected money on an execution cannot apply it in satisfaction of another execution, although the latter is against the party for whom the money was collected, and both executions are in the officer's hands for collection at the same time. Hardy v. Tilden, 38 Am. Dec. p. 34; Turner v. Fendall, 1 Cranch, 117; Willis v. Petkin, 1 Conn. 47; Prentis v. Bliss, 4 Vt. 313; First v. Miller, 4 Bibb. 311; Dubois v. Dubois, 6 Conn. 494; Redick v. Smith, 4 Ill. 451; Dawson v. Holcomb,

416        Bostwick *et al. v.* Benedict.

Opinion of the Court—Kellam. J.        [4 S. D.

1 Ohio, 275; Climer v. Willis, 3 Cal. 363; Wilder v. Bailey, 3 Mass. 289.

The objections made by appellant to the execution issued on behalf of respondents, simply amounts to an irregularity and does not render the execution void but simply voidable. Mace v. Dutton, 52 Am. Dec. 510. Erroneous or voidable executions cannot be collaterally attacked. Hunt v. Loucks, 99 Am. Dec. 404; Clarkson v. White, 20 Am. Dec. 229; Lewis v. Phillips, 79 Am. Dec. 457.

Kellam, J. This is an appeal from an order of the circuit court of Grant county amercing appellant, as sheriff, for nonpayment of moneys alleged to have been collected by him on execution. The facts are undisputed, and are as follows: In the circuit court of Roberts county, respondents Bostwick obtained a judgment against one Knight, and caused a transcript to be filed in the office of the clerk of the circuit court for Grant county, and thereupon caused execution to be issued by the clerk of the circuit court of said Grant county to the sheriff of such county. That, prior to the issuance of said execution, one Dewees had obtained judgment in said Grant county circuit court against respondents Bostwick. That while said first execution was in the hands of the sheriff as aforesaid, and before the same was collected, he received, as such sheriff, for collection, an execution issued upon the judgment of Dewees against the respondents Bostwick. While so holding both executions, Knight, the defendant in the first, paid to the sheriff the amount due thereon, and directed him to apply the same on the judgment and execution of Dewees against respondents Bostwick; and he did so, paying the same over to the plaintiff, Dewees. Respondents Bostwick then made demand for the amount so recovered from Knight, and, payment being refused, brought these proceedings, under Section 5167, Comp. Laws, to amerce the sheriff, in the circuit court of Roberts county. Upon these facts the circuit court made an order requiring the sheriff to

immediately pay over to the plaintiffs Bostwick, these respondents, the amount so received from Knight on the execution against him, together with ten per cent thereon as damages, and from such order this appeal is taken.

Section 5104, Comp. Laws, provides that a transcript of the original docket of a judgment may be taken from the county in which the judgment was rendered, and filed in the office of the clerk of the circuit court of any other county, and that it shall then be a lien upon any real estate of the judgment debtor in said county, but this does not authorize the clerk of such county to issue execution thereon. Execution may be issued to the sheriff of any county where the judgment is docketed, (Section 5114,) but it must be issued from the county where the judgment was rendered. This is the evident plan of our statute. In some states the statute expressly authorizes an execution to issue from any county in which a transcript is filed, but ours does not, and the power does not exist without statutory authority. Freem. Ex'ns, § 14. The object of our statute in allowing the filing of a transcript in another county is, as stated in said Section 5104, to make the judgment a lien upon the debtor's real estate in such county. It confers no authority upon the clerk of such county to issue execution, and any attempt to do so is unauthorized, and the execution is void. It is so held in states having statutory provisions similar to ours. See Seaton v. Hamilton, 10 Iowa, 394; Furman v. Dewell, 35 Iowa, 170; Shattuck v. Cox, 97 Ind. 242. In this case the execution issued by the clerk of the Grant county circuit court on the transcript from Roberts county was void. It recited on its face that it was issued on such transcript, and the sheriff of Grant county, the appellant here, might have declined to accept it or operate under it, but he did not. He treated it as a valid execution, and proceeded under it. Having done so, and collected money upon it, it is very doubtful if he is in position to assert and take advantage of its invalidity in this proceeding.

But, assuming. that he is thus estopped, we think he is fully protected by Section 5175, Comp. Laws. That section provides that, "after the issuing. of execution against property, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge for the amout so paid." We are una- ble to perceive why all the conditions named in said section to authorize such payment did not exist here. An execution had been issued to the sheriff on the judgment of Dewees against the Bostwicks. Knight was indebted to the Bostwicks, and paid the amount of such indebtedness to the sheriff, to be applied on the execution against the Bostwicks. This is what the statute says he might do. The money was not made from Knight by levy and sale, but was voluntarily paid by him, and when so paid was appropriated. The statute does not attempt to limit this right to make payment to the sheriff to any class of debtors, or to any condition of debts. It is general in its provisions. It may be made by "any person indebted to the judgment debtor." The Bostwicks were judgment debtors, and Knight was indebted to them. This statute is not peculiar to this state. In Mallory v. Norton, 21 Barb. 424, it was held, under such a provision, that a judgment debtor, even in a judg- ment founded upon a tort, might pay the amount of such judg- ment to the sheriff to apply on an execution against his judg- ment creditor. In Brown v. Ayers, 33 Cal. 525, under the same statutory provision as ours, the right of a judgment debtor to pay the amount of the judgment against him on an execution in the hands of the sheriff against his judgment creditor was fully recognized. The payment, however, in that case, was held not to release the judgment debtor, on the sole ground that the judgment to which it was intended to apply had been assigned to another before the payment was made, so that the judgment debtor who made the payment was not indebted to the judgment debtor on whose account it was paid, but was in-

debted to the person to whom the judgment had been assigned. As before suggested, the statute is not an unusual one, and has often been before the courts, as shown by many reported cases. We only refer to the above to show that no distinction is made in its application between-judgment debtors and simple contract debtors. "Any person indebted" may thus pay. We do not see that it could affect the statutory right of Knight to pay, that an execution had been issued on the judgment against him. Nothing had been done under it by the sheriff. When called upon by the sheriff with the execution, he paid the amount of the same, to be applied on the execution and judgment against the Bostwicks. The money was paid by Knight, and received by the sheriff, with the understanding that it should be so applied. We do not see why all the conditions of the statute which authorized such payment were not then existing. If the money was properly paid by Knight, and properly received by the sheriff, under said Section 5175, what was he to do with it? The statute nowhere suggests that it is to be treated or disposed of differently from other money collected on execution by the sheriff. It is to be paid over to the plaintiff in the execution. Section 5120, Comp. Laws.

It was suggested in argument that the Bostwicks might thus be deprived of their exemptions. No more in this case than in any and every case under this provision of the statute, and surely the court could not refuse to recognize the statute because it could see that difficult complications might arise under it. It is sufficient for this case, however, to say that we can only deal with the record before us, and determine the rights of the parties upon the facts presented. It may be that the sheriff assumed some risk in paying this money over to Dewees without informing himself as to whether or not the Bostwicks might successfully claim it as exempt. Upon this point we express no opinion. But neither this court nor the court below could assume that it was so exempt. Pirie v. Harkness, (S. D.) 52 N. W. 581. In the absence of any such evidence,—

and this record presents none,—it does not appear how respondents Bostwick could have been damaged by the application of this money to the payment of the judgment against them. The law thus directly appropriated their money to pay their debt, intending to avoid the delay, expense and uncertainty of a circuity of procedure. We think the order of the circuit court amercing the sheriff was wrong, and it is reversed. All the judges concurring.