Argued December 29, 1897; decided February 14, 1898.

## LOVELADY *v.* BURGESS.

[52 Pac. 25.]

1. EQUITY SUIT TO QUIET TITLE. — Under section 504, Hill's Ann. Laws, providing that one in possession of realty may sue another claiming an estate or interest therein adverse to him to determine such claim, a suit lies in favor of one in possession against a purchaser of the land at execution sale who has served on plaintiff a notice to quit: *Zumwalt* v. *Madden,* 23 Or. 185, and *O'Hara* v. *Parker,* 27 Or. 156, cited.

2. ISSUING EXECUTION ON TRANSCRIPT OF JUDGMENT FROM ANOTHER COURT. — Though section 269, Hill's Ann. Laws, authorizes the docketing of the transcript of a judgment with the county clerk of any county, from which time it becomes a lien on all the realty of the defendant within such county, or which he may thereafterwards acquire, and though section 277 allows executions to be issued at the same time to different counties, yet such process can issue only from the county in which the judgment was rendered, there being no statutory authority for issuing an execution from any court except the one in which the judgment was rendered.

From Douglas: J. C. FULLERTON, Judge.

Suit by T. B. Lovelady against Ruby Burgess to determine an adverse claim to real property, or, as it is usually styled, a suit to quiet title, under section 504 of Hill's Code. Decree for plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Wm. R. Willis* and *Andrew M. Crawford,* with an oral argument by *Mr. Willis.*

For respondent there was a brief over the names of *Lane & Loughary,* with an oral argument by *Messrs. Fred Page Tustin* and *Geo. G. Bingham.*

MR. JUSTICE BEAN delivered the opinion.

This suit was brought by plaintiff, who was in possession and claiming to be the owner of certain real property in Douglas County, to determine an adverse claim thereto; and, a decree having been rendered in his favor, defendant appeals. The facts, so far as material to any question necessary to be considered at this time, are that on November 9, 1885, the defendant herein duly recovered a judgment against the plaintiff in the circuit court of Josephine County for the sum of $500 and costs, and subsequently caused a certified transcript of the docket entry thereof to be filed in the office of the clerk of Douglas County, and duly docketed in the judgment docket of such county. Thereafter an execution was issued by the clerk of Douglas County on such transcript, and the real property in question levied upon and sold to the defendant. This sale was confirmed by the circuit court of Douglas County, and in due time a sheriff's deed was executed and delivered to the defendant, purporting to convey to her all the right, title and interest the plaintiff had in and to the real property therein described at the date of the docketing of such judgment in Douglas County. She now claims title to the premises, and has notified the plaintiff to quit and surrender possession thereof to her. Hence this suit.

1. At the outset the defendant contends that the court was without jurisdiction, and should have sustained her demurrer to the complaint. But under section 504 of Hill's Ann. Laws, any person in possession of real property may institute a suit in equity

against another claiming an estate or interest therein adverse to him for the purpose of determining such claim; and the plaintiff, having brought himself within the provisions of that section, is therefore entitled to maintain this suit:' *Zumwalt* v. *Madden*, 23 Or. 185 (31 Pac. 400); *O'Hara* v. *Parker*, 27 Or. 156 (39 Pac. 1004).

2. The remaining question is whether the clerk of Douglas County could legally issue an execution on a judgment rendered in Josephine County, and, in our opinion, it must be answered in the negative. The rule is undoubted that, unless otherwise provided by statute, an execution can issue only from the court in which the judgment was rendered, and we have no statute modifying or destroying this rule. Section 269, Hill's Ann. Laws, authorizes a transcript of the original docket of a judgment to be filed in the office of the county clerk of any county of the state, and requires such clerk to enter the same in the judgment docket of his county, from which time it becomes a lien upon all the real property of the party against whom the judgment was given within the county, or which he may afterwards acquire therein during the time an execution may issue on such judgment. But the only object of this section, as plainly indicated by its terms, is to give the judgment creditor a lien upon the real estate of the judgment debtor in the county where filed, and it confers no authority upon the clerk of such county to issue an execution thereon. An execution may issue at the same time to different counties (section 277, Hill's Ann. Laws), but it can issue only from the county in which the judgment

was rendered. This is the uniform construction given to similar statutes by the courts of other states, and is the only one consonant with the language used: Freeman on Executions, §§ 13, 15; *Shattuck* v. *Cox,* 97 Ind. 242; *Seaton* v. *Hamilton,* 10 Iowa, 394; *Furman* v. *Dewell,* 35 Iowa, 170; *Bostwick* v. *Benedict,* 4 S. D. 414 (57 N. W. 78). The statute authorizes the issuance of an execution on a judgment given by a justice of the peace in certain cases by the clerk of the circuit court where the transcript is filed (sections 2103, 2104, 2111, Hill's Ann. Laws); but there is no such provision as to an execution on a judgment of the circuit court, and it must therefore issue from the court where rendered. It follows from these views that the execution issued by the clerk of Douglas County on the judgment rendered in Josephine County was unauthorized by law, and the sale thereunder was void, and of no effect. The decree of the court below must therefore be affirmed, and it is so ordered.

AFFIRMED.