## WYOMING CENTRAL IRR. CO v. LAPORTE.

(No. 943; Decided March 29, 1920; 188 Pac. 360.)

PARTIES—ACTION ON COST BOND—COSTS DEPENDENT ON STATUTE—INTEREST—TAXABLE COSTS A PART OF JUDGMENT—JUDGMENT FOR COSTS DRAWS INTEREST—EXECUTION—WRIT MUST BE ISSUED FROM COURT RENDERING JUDGMENT—EXECUTION NOT ISSUABLE FROM COUNTY WHERE MERELY TRANSCRIPTED.

1. Under Comp. Stat. 1910, 4311, 4312, where no one except defendant in the action had any claim on the security of plaintiff's bond for costs, and the judgment in her action on such bond adjudged costs to her alone, it would have been useless to have brought other defendants named in in the bond as obligees into the case as parties, and plaintiff and his surety on the bond cannot complain of any defect of parties plaintiff.

2. In view of its language and the statute under which it was given, plaintiff's cost bond held to have covered judgment for costs in favor of defendant on her cross-petition.

3. The question of costs is purely statutory, as they were not allowed as a rule at common law.

4. At common law no interest was allowed on judgment; such matter being strictly statutory.

5. Costs taxable as part of the judgment in favor of the prevailing party are part of the judgment and an incident thereto.

6. Under Comp. Stat. 1910, 3357, relative to interest on judgments and decrees, and chapter 304, as to costs, a judgment for costs in favor of the prevailing party draws interest.

7. Execution must be issued by the clerk of the court rendering the judgment.

8. Under Session Laws 1911, c. 22, authorizing filing of transcript of judgment in office of clerk of county other than where it was rendered, to make it a lien on the property of the judgment debtor in such county, no power exists in clerk of court in which transcript is filed to issue execution, such authority not being expressly conferred, and an execution so issued is void. The clerk of the court of the county where the judgment was rendered should issue execution, as authorized by Comp. Stat. 1910, 4668.

ERROR to the District Court, Fremont County; HON. CHAS. E. WINTER, Judge.

Action by Nina A. LaPorte, upon a cost bond, against the Wyoming Central Irrigation Co. and the National Surety Co. There was a judgment for plaintiff and defendants bring error.

*P. B. Coolidge* and *Edward H. Stearns,* for plaintiff in error.

A judgment creditor is not entitled to interest on that part of his judgment which covers the costs (O'Donnell v. Co., 48 N. W. 880; McManus v. Burrows, 177 S. W. 671; Baum v. Reed, 74 Pa. 320; Ashworth v. Trammell, 47 S. E. 1011; De Lizardi v. Hardaway, 8 Rob. (La.) 20; Hill v. White, 1 N. J. Eq. 435; McCausland v. Bell, 9 Serg. & R. 388; Parrott v. Thompson, 19 Wkly. Notes Cas. 548; Miller v. Hottenstein, 1 Woodw. 236; Ghent v. Boyd, 43 S. W. 891; People's Bank v. Ins. Co., 76 Fed. 548). Even though the allowance of interest upon judgments generally is provided by statute (Rogers v. Burns, 27 Pa. St. 525; Gatewood v. Palmer, 10 Humphr. Tenn. 466). There was no evidence that defendant had paid the costs but showing that she had merely incurred them; interest is not recoverable on a bond in excess of penalty (People's Bank v. Campan, 82 N. W. 803; Fraser v. Little, 13 Mich. 195; St. Louis Bd. of Educ. v. Co., 82 S. W. 70; State v. Sandusky, 46 Mo. 377; Farrar v. Christy, 24 Mo. 453; Co. v. Seago, 38 S. E. 805; Warden v. Neilson, 5 N. C. 275; Stroble v. Large, 14 S. C. L. 112; Rhea v. McCorkle, 11 Heisk (Tenn.) 415; State v. Blakemore, 7 Heisk 638; Louisville Elec. Co. v. Co., 148 S. W. 671). The sheriff is not entitled to commission on an execution sale, where the property is bid in by the judgment debtor (Berry v. Kiefer, 133 Pac. 1126; Soderberg v. King County, 45 Pac. 785; Peery v. Wright, 45 Pac. 46, and cases there cited). Sheriff's fees are taxable only in accordance with some statute (Smith v. Williamson, 11 N. J. Law 313; Grofut v. Brandt, 58 N. Y. 106; O'Connor v. O'Connor, 47 N. Y. Super. 498; Biggerstaff v. Cox, 46 N. C. 536; Spencer v. Peterson, 68 Pac. 519; Day v. Rutledge, 12 Man. 451; Hudson v. Co., 68

N. Y. Supp. 28; Eagan v. Finney, 72 Pac. 133; Meree v. Beilfeld, 194 Ill. App. 364). A sheriff is allowed $1.50 for advertising property for sale (42 N. J. L. 211). Costs incurred in execution proceedings are not recoverable against judgment debtor unless taxed and approved by court order (Hawkins v. Mumford, 5 Denio 355; Gerard v. Caruolo, 61 Alt. 599; Gardner v. Brown, 22 Ind. 447; Beeman & Cashin Co. v. Sorenson, 15 Wyo. 450; 89 Pac. 745; Fletcher v. Norrell, 44 N. W. 133). Sheriff is without authority to tax costs; only the court where judgment is entered may issue execution (1 Freeman Ex. 13); where a transcript is filed in another county under a statute the purpose being to make the judgment a lien, execution issued out of that county is void (Seaton v. Hamilton, 10 Ia. 394; Furman v. Dewell, 35 Ia. 170; Shattuck v. Cox, 97 Ind. 242; Bostwick v. Benedict, 4 S. D. 414; Williamette Co. v. Hendrix, 28 Ore. 485; Lovelady v. Burgess, 32 Ore. 418; 52 Pac. 25; Bank v. Miller, 40 So. 513). Proceeds of an execution sale must first be credited to costs, and secondly upon the amount of the judgment (Baldwin v. Hatch, 54 Me. 167; Dean v. Baily, 12 Vt. 142; Beeman v. Sorenson, 15 Wyo. 450; 89 Pac. 745; McNeil v. Bean, 32 Vt. 429). The cost bond judgment covered costs in favor of defendant on her cross-petition. Plaintiff prevailed in the action in which the bond was given so that no recovery should be allowed on the bond (Hunter v. Robertson, 37 So. 771; Cook v. Dennis, 52 So. 560; Gilly v. Hirsh, 42 So. 422, 20 L. R. A. N. S. 972; Boothe v. Cowan, 5 Sneed Tenn. 354; Ontario Co. v. Co., 17 Ont. Pr. 156; Powell v. Montgomery, 8 Sask. L. 224; Shrapnell v. Long, 20 Q. B. D. 334). Sureties are only chargeable according to the strict terms of the bond (Robinson v. Epping, 4 So. 812; Ovington v. Smith, 78 Ill. 250; Field v. Rawlings, 6 Ill. 581; Butte v. Bennetts, 149 Pac. 92; Lang v. Pike, 27 Ohio St. 498; Co. v. Louderbach, 69 Atl. 673, 16 L. R. A. N. S. 775). Action on the cost bond was prematurely brought, since the main action is pending on appeal (Curtiss v. Beardsley, 15 Conn. 518). Action on a judgment should not be maintained in the absence of some

special and adequate cause therefor (Moss v. Shannon, 1 Nilt. (N. Y.) 175; Goodrich v. Barney, 2 Vt. 422; Beck-ham's Succession, 16 La. Ann. 352; Wood v. Newberry; 48 Mo. 322; Keeler v. King, 1 Barb. (N. Y.) 390; Pitzer v. Russel, 4 Ore. 124; Ligon v. McNeil, 6 Rich. (S. C.) 377; McClenahan v. Cotten, 83 N. C. 332; Cole v. Mitchell (Wisc.), 45 N. W. 948).

No brief was filed for defendant in error.

BLYDENBURGH, JUSTICE.

This case was brought on an undertaking given to secure costs on a change of venue in the case of Wyoming Central Irrigation Company, a corporation, plaintiff, v. Nina A. LaPorte, William M. Mooney, C. P. Twitchell and Riverton State Bank, a corporation, in accordance with the provisions of section 5144 of the Wyoming Compiled Statutes of 1910. A change of venue was had in said original action to Natrona County and the trial there resulted in a judgment for the defendant, Nina A. LaPorte, the plaintiff in this case, against the plaintiff in that case, The Wyoming Central Irrigation Company, one of the defendants in this case, and for the costs taxed at $131.60. A transcript of this judgment was filed in the office of the Clerk of the District Court of Fremont County under the provisions of Chapter 22 of the Session Laws of 1911 and Nina A. LaPorte caused an execution to be issued by the Clerk of the District Court of said Fremont county upon said transcript and placed in the hands of the sheriff of Fremont county for service. That said sheriff levied upon certain interests of the Wyoming Central Irrigation Company in a certain ditch and water right, advertised it for sale in the usual manner and sold the same for $6,668 to Nina A. LaPorte, the judgment and execution creditor, and filed the return of the execution with the Clerk of Court of Fremont County, showing his costs to be: To the Riverton Review, for publishing notice of sale, $319.58; sheriff's costs and commissions, $93.93; a total of $413.51. This suit on the cost bond is brought to recover the $131.60 costs taxed in the original judgment in

Natrona county and interest thereon from Oct. 30, 1914, the date of said judgment, at 8% per annum, and for the balance of the $500 penalty of the undertaking, to-wit: $369.40, being a part of the costs incurred on the execution in Fremont county with 8 per cent. per annum from April 28, 1916, the date of the sale of the ditch under the execution. The case was tried by the court without a jury and judgment rendered in favor of the plaintiff and against the defendants for the sum of $585.10, and $6.40 costs, to which the defendants excepted, filed a motion for a new trial, which was overruled, an exception taken, and the case is brought here on error.

The petition in error contains eleven different specifications of error, which as argued in the brief may be stated as follows:

1st. That a judgment for costs does not draw interest and interest should not have been allowed on the $131.60 costs taxed in the original judgment.

2nd. That interest is not recoverable on a bond such as the one sued on in excess of the penalty of $500.

3rd. The sheriff is not entitled to commissions on an execution sale of property where the property is bid in by the judgment creditor.

4th. The item of $319.58 to the Riverton Review for publishing notice of sale was excessive and not allowable as costs to any amount by which the same exceeded $1.50.

5th. The $431.51 costs alleged to have been incurred in connection with the execution have never been taxed and are not recoverable against the judgment debtor or its surety until taxed and approved in some manner by the court.

6th. The item of $413.51 as costs on the execution is an improper charge because the execution not being issued out of the court in which judgment was obtained is void and all proceedings thereunder are void.

7th. If the execution and sale were valid the $6,668 realized therefrom must be credited first on the expense of the execution wiping out the $413.51 and 2nd on the costs

taxed in the original judgment and 3rd on the net amount of the damages in the original judgment.

8th.    The bond sued on did not cover any judgment for costs in favor of defendant on her cross-action.

9th.    That William M. Mooney, C. P. Twitchell and Riverton State Bank should have been joined with Nina A. LaPorte as plaintiffs as they are all obligees in the bond, and therefore the demurrer on the ground that there is a defect of parties plaintiff interposed by defendants in the court below should have been sustained.

10th.    That the suit was prematurely brought as the original case was in the Supreme Court undetermined at the time this suit was tried in the District Court.

From the view we take of the case, it will not be necessary to consider in detail each of these alleged errors nor will we consider them in the order presented by counsel in the brief, but will take up those we consider necessary for a full decision of the case in what seems to us the logical order.

The 9th error claiming that there is "a defect of parties plaintiff" while it might have been good at common law, is answered by the provisions of the Code, sections 4311 and 4312, of Wyoming Compiled Statutes, 1910, providing that an action must be prosecuted in the name of the real party in interest and that "anyone entitled by law to the benefit of the security may bring an action thereon in his own name." The petition in this case alleges that no one except Nina A. LaPorte had any claim upon the security of the bond sued upon and the judgment of the Natrona County District Court adjudged costs to her alone. Under these circumstances it would have been useless to have brought the other named obligees of the bond into the case. The case of Curry v. Homer et al., 62 O. St. 233, 56 N. E. 870, was upon a supersedeas bond given to defendants in error for value of use and occupation of the premises "and pay all costs that have accrued or may accrue in the Supreme Court" and it was held although the plaintiff Curry was not one of the obligees of the bond, he being the owner by assignment of all the costs, he was entitled to sue and re-

cover on the bond notwithstanding the surety and principal had made settlement of the bond with the defendants in error. This case is particularly applicable as our statutes 4311 and 4312, *supra,* were taken from Ohio.

In regard to the 8th claim of error that the bond sued on did not cover any judgment for costs in favor of the defendant on her cross-petition, this is answered by the language of the bond and the statute under which it is given. The condition of the bond reads: "Now, THEREFORE, If the above bounden Wyoming Central Irrigation Company, the plaintiff in the above entitled cause, shall pay all costs that may be adjudged against it in said cause, then this obligation to be void;" and the language of the statute as to the condition of the undertaking is "that he will pay all costs that may be adjudged against him in such cases." There can be no doubt that the costs to the amount of $131.60 was adjudged against the plaintiff in the cause in the Natrona county court and is within the letter of the bond. If there was any error in the adjudication or taxation of costs that should have been corrected in that court by a motion to retax costs but cannot be thus collaterally attacked in this case.

The first error claimed is that a judgment for costs does not draw interest. This is a question which has not been before or decided by this court and one upon which attorneys practicing before our courts have differed, and upon which, at first blush, there would appear to be conflict of authority. The question of costs is a purely statutory one and costs were not allowed as a rule at common law (7 R. C. L. 781); so also no interest was allowed on judgments and that matter therefore is strictly statutory. So the whole subject depends on the wording and construction of the statutes applicable thereto and to a large extent the apparent diversity of opinion in various states is due to the different wording of the statutes. Our statutes applicable are, 1st, Section 3357, Compiled Statutes of Wyoming, relating to interest on decrees and judgments, which reads as follows:

"Interest on all decrees and judgments for the payment of money shall be, from the date of the rendition thereof, at the rate of eight per cent. per annum, until the same shall be paid; Provided, That if said judgment or decree shall be founded upon any contract, either verbal or written, by the terms of which a less rate of interest than eight per cent. shall have been agreed upon, the rate of interest upon such judgment or decree shall be the same as provided for by the terms of the contract upon which the same is founded."

And under the various provisions of Chapter 304, costs are generally allowed to be taxed as part of the judgment in favor of the prevailing party except in certain cases where the amount of the damages recovered is small as provided in Section 4645. Such costs are part of the judgment and an incident thereto (15 R. C. L. 578; Saunders v. Manufacturing Co., 27 Mich. 522). There does not seem to be any good reason why a judgment for costs should not draw interest as well as a judgment for damages. Interest is in the nature of damages for the withholding or depriving one of the use of money. This is especially true under our statutes where the theory of the law at least is that the party to whom is awarded costs has paid them in money or its equivalent, and when the officers, sheriffs, clerks, &c., have a right to demand the payment of all fees for their services in advance and the Clerk of Court is made responsible on his bond for the collection of fees. A judgment for the payment of money under the terms of section 3357, *supra*, draws interest and a judgment for costs is certainly a judgment for the payment of money. In the case of Palmer et al. v. Glover, 73 Ind. 529, on page 532, the Indiana statute is quoted as follows:

"Interest on judgments for money, hereafter rendered, shall be from the date of the return of the verdict or finding of the court, until the same shall be satisfied, at the rate per cent. agreed upon by the parties in the original contract, not exceeding six per cent., and if there is no contract by the parties, at the rate of six dollars a year on one hundred dollars."

And then on the same page the court says:

"It is settled by the decisions of this court, that 'the costs recovered by the judgment are due to the judgment plaintiff, and it is his right to control and receive the money so recovered'; and that 'a judgment in favor of a party for costs is, therefore, as much his own property and under his own control as a judgment for a debt sued for' (Armsworth v. Scotten, 29 Ind. 495; Hays v. Boyer, 59 Ind. 341; Miller v. The State, ex rel., 61 Ind. 503; and Goodwin v. Smith, 68 Ind. 301). If a judgment for costs is a 'judgment for money', and it surely is, then, by the express terms of the statute, it bears interest 'from the date of the return of the verdict or finding of the court, until the same shall be satisfied'; and the judgment plaintiff, in an action upon his judgment, is as much entitled to recover interest upon his judgment for costs as he is upon his judgment debt."

In the case of Linck v. City of Litchfield, 31 Ill. App. 105, in which the only question involved was whether a judgment for costs bears interest, the court said:

"The question whether a judgment for costs bears interest, has not been passed upon by the courts of this state, so far as we are advised. Sec. 3, Chap. 74, R. S., provides, 'Judgments recovered before any court or magistrate, shall draw interest at the rate of six per centum per annum, from the date of the same until satisfied'. If the adjudication of a court in awarding costs is a judgment within the meaning of the foregoing section, there would seem to be no room to question the propriety of allowing interest upon costs so recovered and allowed. * * * It is true the clerk is the officer authorized by law to tax the costs and determine the items and their amount, but when this is done, such taxation relates back to, and is supported and authorized alone by the decision of the court in rendering a judgment for the costs, and is as much the judgment of the court as the damages awarded. We are inclined to think, therefore, that a judgment for costs is within the language and meaning of Sec. 3 of the chapter on interest, and that the Circuit Court erred in holding differently."

In Hayden v. Hefferan, 99 Mich. 262, 58 N. W. 59, the court said: "How. Stat., § 7672, provides that, when execution shall be issued upon any judgment, interest on the amount of the same, until such amount is paid, shall be collected thereon. A judgment for costs is as much a judgment as any other, and is therefore within the terms of the statute."

In Padley v. Catterlin, 64 Mo. App. 629, on motion for rehearing where the question of allowing interest on costs was raised, the court, on page 648, said: "Besides this, the defendant had the use of plaintiffs' money, or, which is the same thing as far as plaintiffs are concerned, he deprived the plaintiffs of the use of it, and for that reason, if for none other, plaintiffs were entitled to interest (Webster v. Railroad, 116 Mo. 114)."

In the case of Emmitt v. Brophy, 42 O. St. 82, the Supreme Court of the State of Ohio, the state from which our statute 3357, *supra*, is taken, in construing it as applied to interest on costs, says on page 93: "A liberal and rational construction, in the light of such policy, of our legislation concerning interest, lead us to the conclusion that where a party or other person is entitled to costs in any judicial proceeding, which have been adjudged, ordered to be paid or for the collection of which execution is authorized, he is entitled to interest thereon from the date of the judgment or order, or from the time when execution is first authorized." To the same effect is In re. Kennedy, 94 Cal. 22, 29 Pac. 412; Kleck v. Robinson, 22 Wend. (N. Y.) 157; Richey v. Carpenter, 2 Wash. 512, 28 Pac. 380; cases cited in 22 Cyc. 1520, note 34.

Only two cases are called to our attention in plaintiff in error's brief holding where interest on judgments are allowed generally that interest should not be allowed on judgments for costs, one a Pennsylvania case decided in 1856, and the other a Tennessee case decided in 1850, both mentioning and following the common law rule that interest on costs are not allowable. Under statutes such as ours, by reason as well as the weight of authority, interest on judg-

ments for costs should be allowed as well as upon judgments for damages.

We will next consider the claim No. 6, *supra,* that the whole item of costs incurred in connection with the execution in Fremont county being issued on a transcript filed in Fremont county of the judgment rendered in Natrona county are not recoverable against the bond. It is the general rule that an execution must be issued by the clerk of the court rendering the judgment (17 Cyc. 986, 10 R. C. L. 1219). The object of the statute, Chapter 22, Session Laws 1911, under which the transcript of the Natrona county judgment was filed in the office of the Clerk of Court of Fremont county is for the purpose of making it a lien upon the property of the judgment debtor in Fremont county and to notify prospective purchasers of such lien. This statute is as follows:

"Section 1. The judgment creditor in any judgment rendered by the District Court in and for any county in this state, or in any judgment of the court of the Justice of the Peace of this state, duly filed in the judgment records of such District Court, may file a transcript of such judgment record of such District Court in the office of the Clerk of the District Court in any or all other counties within this state where the judgment debtor owns real estate. Such judgment shall become a lien upon all real estate of such judgment debtor in such county where such transcript is filed, from the date of filing of such transcript in such county. The Clerk of the District Court of any such county in which said transcript is filed shall enter the same upon the judgment records of such court in like manner as judgments rendered in such court."

It is evident that this statute is merely for the purpose of making the judgment a lien upon the judgment debtor's real estate in the other county and contains no authority to the clerk of the court in which the transcript is filed to issue an execution thereon. It is held that no power exists in the clerk of the court in which the transcript is filed unless such authority is expressly conferred by statute, and

executions so issued are void (Freeman on Executions, 3rd ed., Sec. 14, pp. 40 and 41; Sec. 15, p. 44). In Seaton & Son v. Hamilton & Co., 10 Ia. 394, this being the very question at issue, the court said:

"The Clerk of the District Court of Boone County had no authority to issue an execution upon the transcript thus filed. It does not appear that the transcript was docketed and indexed as provided by law, and we think that the law does not confer any power upon such clerk to issue an execution. He has no such authority unless it is expressly given to him by some statutory enactment. * * * The object of the provision of this chapter, is to give to the judgment plaintiff a lien upon any real estate of the defendant in the county where such transcript may be filed, and to operate as a notice to purchasers subsequent to the filing thereof. This chapter provides 'that judgments of the District Court, of the Supreme Court and of the District Court of the United States, become liens by the filing of copies thereof, as described in this chapter. The clerk shall docket and index the same as though the judgment had been rendered in this court." The law does not declare that such filing, indexing and docketing shall have the effect of a judgment rendered, it merely becomes a lien. The judgment creditor has a full remedy by the statute which confers upon him the right to issue an execution from the county where the judgment was rendered to any county in the state."

In Furman v. Dewell, 35 Ia. 170, on the same question the court said: "Plaintiff's judgment, on which the land was sold, was rendered in Lin county, Iowa, a transcript thereof filed in Harrison county, and the execution, by virtue of which the sale was made, issued from the clerk's office of the latter county. The Clerk of the District Court of Harrison County possessed no authority to issue the execution, and the writ conferred no authority on the sheriff to levy and sell, and all the proceedings under it were void. Execution in such cases must issue from the county where the judgment was rendered (Rev., §§ 3248, 3249; Seaton v. Hamilton, 10 Iowa, 394)."

In Shattuck v. Cox, 97 Ind. 242, the court said:

"The statute authorizes the transcript of a judgment to be filed in the office of any clerk of the Circuit Court in this state, and from the time of such filing the judgment becomes a lien upon the real estate of the judgment debtor in the county in which the transcript is filed (Sections 610 and 611, R. S. 1881). As to a judgment rendered before a justice of the peace, the statute authorizes the issue of an execution, in certain cases, by the clerk of the court where the transcript is filed (Sections 612, 613 and 614, R. S. 1881). But as to other judgments the execution must issue from the court in which they were rendered (2 Works Pr., section 1141; Freeman Ex., sections 10 and 15). The issue by the clerk of the Vigo Circuit Court of the execution upon the transcript of the judgment rendered in the Sullivan Circuit Court, was without authority of law. The execution and the sale thereunder were void."

In Bostwick, et al., v. Benedict, 4 S. D. 414, 57 N. W. 78, the Supreme Court of South Dakota said on this question:

"Section 5104, Comp. Laws, provides that a transcript of the original docket of a judgment may be taken from the county in which the judgment was rendered, and filed in the office of the Clerk of the Circuit Court of any other county, and that it shall then be a lien upon any real estate of the judgment debtor in said county, but this does not authorize the clerk of such county to issue execution thereon. Execution may be issued to the sheriff of any county where the judgment is docketed (Section 5114), but it must be issued from the county where the judgment was rendered. This is the evident plan of our statute. In some states the statute expressly authorizes an execution to issue from any county in which a transcript is filed, but ours does not, and the power does not exist without statutory authority (Freem. Ex'ns, § 14). The object of our statute in allowing the filing of a transcript in another county is, as stated in said section 5104, to make the judgment a lien upon the debtor's real estate in such county. It confers no authority upon the clerk of such county to issue execution, and any attempt to

do so is unauthorized, and the execution is void. It is so held in states having statutory provisions similar to ours (See Seaton v. Hamilton, 10 Iowa, 394; Furman v. Dewell, 35 Iowa, 170; Shattuck v. Cox, 97 Ind. 242)."

In Williamette Real Estate Co. v. Hendrix, 28 Ore. 485, 42 Pac. 514, 52 Am. St. Rep. 800, the Supreme Court of Oregon said: "The sheriff's return shows that the real property was sold upon an execution issued out of the circuit court on a judgment by confession rendered in the county court. Every court has the inherent right to control its own process, and, unless authorized by law, no other court can interfere with such right (Harris v. Cornell, 80 Ill. 54). There being no statutory provision authorizing the Clerk of the Circuit Court to issue an execution out of that court upon a judgment rendered in the county court, the writ so issued must be regarded as an absolute nullity (1 Freeman on Executions, § 15; Chandler v. Colcord, 1 Okla. 260 (32 Pac. 330).)." And again in Lovelady v. Burgess, 32 Ore. 418, 52 Pac. 25:

"The rule is undoubted that, unless otherwise provided by statute, an execution can issue only from the court in which the judgment was rendered, and we have no statute modifying or destroying this rule. Section 269, Hill's Ann. Laws, authorizes a transcript of the original docket of a judgment to be filed in the office of the County Clerk of any county of the state, and requires such clerk to enter the same in the judgment docket of his county, from which time it becomes a lien upon all the real property of the party against whom the judgment was given within the county, or which he may afterwards acquire therein during the time an execution may issue on such judgment. But the only object of this section, as plainly indicated by its terms, is to give the judgment creditor a lien upon the real estate of the judgment debtor in the county where filed, and it confers no authority upon the clerk of such county to issue an execution thereon. An execution may issue at the same time to different counties (section 277, Hill's Ann. Laws), but it can issue only from the county in which the judgment was ren-

dered. This is the uniform construction given to similar statutes by the courts of other states, and is the only one consonant with the language used. * * * It follows from these views that the execution issued by the Clerk of Douglas County on the judgment rendered in Josephine County was unauthorized by law, and the sale thereunder was void, and of no effect."

The reason for these decisions is plainly stated in Clarke v. Miller, 18 Barb. (N. Y.) 270:

"The rule is a familiar one, that judgments must be executed in those courts in which they are rendered. I do not see upon what principle the Supreme Court could assume to execute this judgment recovered in the common pleas. The Supreme Court possessed no power to award a *fieri facias* upon that judgment, and every execution that is issued by the attorney is regarded in law as awarded by the court out of which it issues just as much as if the award was made upon the record. It strikes me as a strange proceeding for the Supreme Court to award an execution to the sheriff, commanding him to collect a judgment of the county court; and I entertain no doubt but such an execution is absolutely void."

The filing of the abstract of the judgment in Fremont county made that judgment a lien on the real estate of the judgment debtor in Fremont county, but if the judgment creditor desired to have the real estate sold under execution she should have had the Clerk of the District Court of Natrona County, the court where the judgment was rendered, issue an execution to the sheriff of Fremont county as authorized by section 4668, Compiled Statutes of 1910. As the execution was absolutely void none of the costs or expenses incurred thereunder were collectible in this suit on the undertaking. As to whether such costs are covered by such an undertaking as is in suit here under a valid execution it is not necessary to decide in this case, and we do not decide.

It is not necessary to pass on the other matters raised as to the costs claimed under this void execution, but we, in

passing, call attention to the fact that the claim in the third specification, *supra,* has been decided by this court in Lyman v. Thorn, 24 Wyo. 326, 157 Pac. 887, Ann. Cases 1918a 368, contrary to the contention of plaintiff in error. Had the execution sale in Fremont county been valid there might have been some question as to whether the proceeds of that sale would not first have to be applied on the payment of the costs awarded in the original judgment, but we do not decide this question as we hold that execution and all proceedings under it void, so these costs are still unpaid. We hold, therefore, that the costs awarded in the original case in the Natrona County Court, viz: $131.60, together with interest thereon at the rate of eight per cent. per annum from October 30, 1914, the date of said judgment, is a valid claim, and collectible from the principal and surety on the undertaking sued upon; that none of the other items being costs alleged to have accrued in the void execution in Fremont county are so collectible. That the judgment is therefore modified accordingly and the case remanded to the District Court of Fremont County with instructions to vacate its former judgment and to enter up a judgment against the plaintiffs in error and in favor of Nina A. LaPorte, the defendant in error, for one hundred and thirty-one and 60/100 ($131.60) dollars and interest thereon at the rate of 8 per cent. per annum from Oct. 30, 1914, and that each party pay their own costs in the Supreme Court.

*Modified and remanded.*

BEARD, C. J., and POTTER, J., concur.