LITCHFIELD v. ASHFORD ET AL.

THE SAME v. ERICKSON ET AL.

1. **Sheriff:** COMPENSATION FOR EXECUTION SALES: PROPERTY BOUGHT BY PLAINTIFF. Where property sold on execution is bought by the execution plaintiff, and the proceeds are credited on the judgment, the sheriff is entitled, under § 9, chap. 94, Laws of 1882, to the same percentage as compensation as if the purchase had been made by a stranger to the execution.

*Appeal from Webster Circuit Court.*

FRIDAY, DECEMBER 17.

THESE two appeals involve the same question, and they will be determined in one opinion. The question submitted is whether a sheriff is entitled to a percentage upon the amount of a sheriff's sale of real estate on execution, where the judgment plaintiff is the purchaser, and the amount of the bid is not paid to the sheriff, but credited on the judg-

ment. The court below held that the sheriff was entitled to the percentage, and plaintiff appeals.

*Gatch, Connor & Weaver*, for appellant.

*Wright & Farrell*, for appellee.

ROTHROCK, J.—The amount in controversy being less than $100, the circuit court authorized an appeal by making the following certificate:

"I, D. D. MIRACLE, judge of the circuit court of Webster county, Iowa, do hereby certify that certain questions of law were raised on the trial of the above entitled cause, on plaintiff's motion to retax the costs, on which it is desirable to have the opinion of the supreme court of this state. Said question is as follows: Where real property of the defendant is sold to satisfy executions in favor of the plaintiff by the sheriff, and at such sale is bid in and purchased by the plaintiff in execution, no money in fact being paid into the sheriff's hands except the costs, is the sheriff entitled to demand and receive from the plaintiff in execution the same per centum upon the amount bid upon said land by said plaintiff in execution which he would be entitled to receive in case the land had been purchased by a third party, and the money actually paid into the sheriff's hands? In other words, where the plaintiff in execution buys the land at sheriff's sale, and pays the costs only in money, must he pay, as part of the costs, the per centum designated in section 9, ch. 94, Laws Nineteenth General Assembly?

"D. D. MIRACLE, Judge."

Chapter 94, Acts Nineteenth General Assembly, provides:
"Sec. 2. The sheriff is entitled to charge and receive the following fees:     *     *     * "

"Sec. 9. For collecting and paying over money: On the first five hundred dollars, ($500,) or fraction thereof, two per

cent; and on excess over five hundred dollars, ($500,) and under five thousand dollars, ($5,000,) one per cent; on all over five thousand dollars, ($5,000,) one-half per cent."

Counsel for appellant contend that no compensation is allowable under this statute, where the sheriff does not actually receive and pay the money. The question is not free from difficulty, but we have come to the conclusion that the construction put upon the statute by the court below is correct. We base our conclusion mainly upon the previous legislation upon the subject. Section 4145 of the Revision and section 3788 of the Code fixed the sheriff's percentage for collecting and paying over money at certain rates, and at a less rate where property was purchased by the plaintiff in execution. The Code was amended by chapter 115 of the Acts of the Eighteenth General Assembly, providing as follows:

"Sec. 17. For collecting and paying over money on the first $500 or fraction thereof, two per cent; and on all excess over $500, one per cent.

"Sec. 18. But where property is purchased by the plaintiff in execution, or where money is collected without sale of property, one-third of the above rates."

It appears that by the previous legislation a sale of property to the plaintiff in execution was regarded as a collection made by the sale, and it is so in fact. The sale pays the debt. Now, when the Nineteenth General Assembly fixed the fees for collection, and omitted to except a collection made by a sale to the plaintiff in execution, we think the legislative intent was to allow the percentage in all cases where the act of the sheriff amounted, in effect, to a collection.

AFFIRMED.