JOHN M. WILKERSON, *as Sheriff of Shawnee County*, V.
THE BELKNAP SAVINGS BANK.

SHERIFFS — *Commission on Sale of Realty — Invalid Statute.* Section 27,
chapter 109, Laws of 1893, (the act concerning the "sale and redemp-
tion of real estate,") is without force or effect, and therefore does
not change the commission of sheriffs upon the sales of real estate.

*Error from Shawnee District Court.*

ON the 1st day of March, 1892, in the district court of
Shawnee county, a judgment of foreclosure of a mortgage
upon land was rendered in favor of the *Belknap Savings
Bank* against Wyatt R. Johnson, for $1,676. In April,
1893, the land was sold upon an order of sale to satisfy the
judgment, by the sheriff of Shawnee county, who in his re-
turn charged the usual fees and commission provided by law
in such cases. The Belknap Savings Bank moved the court
to disallow so much of the sheriff's charges as consisted of
his commission, upon the ground that the commission consti-
tuted an unlawful charge. The court sustained the motion.
The sheriff excepted, and moved for a new trial. The court
overruled the motion. The Belknap Savings Bank was the
purchaser at the sale made by the sheriff. The case-made is
brief, and contains, among other things, the following:

"It is admitted that all the proceedings in the foreclosure
of the mortgage and the sale of the real estate were regular;
that there were several judgment creditors in the action, and
that plaintiff who bid in the property was the prior creditor;
that the commission is a legal charge, unless prohibited by
§ 27 of chapter 109 of the Laws of 1893, which provides for
the sale and redemption of real estate; and that the only error
complained of is the decision of the court holding that said
section applies to this case, and prohibits the sheriff from
charging or receiving said commission or any commission for
said sale."

Said § 27 is as follows: "In any case where the property is
bid in by or for the prior creditor, the sheriff shall receive his
fees for the sale, but shall not be entitled to charge any com-

mission on said sale." See Laws of 1893, p. 192. The act took effect March 17, 1893. The sheriff excepted to the ruling of the district court and brings the case here.

*Vance & Campbell*, *Houk & Whitehead*, and *David Overmyer*, for plaintiff in error.

*Gleed & Gleed*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is forcibly contended that § 27, chapter 109, Laws of 1893, is without force or effect upon various grounds; among other things, that it is unconstitutional, because the act contains more than one subject, and because the subject of said section is not clearly expressed in the title, and also because its provisions are so uncertain that they cannot be intelligently applied. The title of the act is as follows:

"An act to regulate the sale of real estate under execution, order of sale, or other judicial process, and providing for the redemption of such real estate from sale, and the terms thereof, and repealing sections 4550, 4551, 4552, 4556 and 4557 of the General Statutes of 1889."

It is urged in support of the contention, that the subject of costs introduced into the statute by § 27 is entirely foreign to the general object of the act; that there is no reference in the title to sheriff's fees or commissions, and that the words "prior creditor" render the section void for uncertainty. Counsel for the bank, in answer, say: "Section 27 cuts down the enormous commissions which have of late years made the office of sheriff so lucrative, and is for the benefit of the debtor, and not for the benefit of the creditor;" and they further argue, that the subject of costs is germane or incidental to the subject of redemption; that these matters have intimate relation and connection with each other; and therefore that § 27 is constitutional, notwithstanding the title of the act is limited to "judicial sales and redemption of real estate," because "it diminishes the amount of the judgment against the debtor, and makes it that much easier for him to redeem,"

and also that the provisions of the section are sufficiently certain.

If § 27 were applicable to sales of real estate subject to redemption only, and if "prior creditor" read "prior mortgagee" or "prior lien holder," there might be reason to declare the section was germane or incidental to redemption, and therefore connected with the general object or purpose of the act. But in § 1 of chapter 109 there is a provision that, if the real estate sold is not subject to redemption, the sheriff shall immediately execute a deed to the purchaser thereof, and § 26 provides in part for the execution of a deed immediately upon sale. It is conceded by all of the parties, that the redemption features of the statute cannot affect the judgment of foreclosure rendered on the 1st day of March, 1892, nearly a year before chapter 109 took effect. If it were not so conceded, the recent decision of this court in *Greenwood v. Butler*, ante, p. 424, is decisive. It was there ruled that the said chapter 109 does not have the effect to change or nullify any of the terms of a judgment duly rendered before the passage of that act. Section 27, taken in connection with the other provisions of the act, applies as much to the sales of real estate where there is no redemption as to sales where there is redemption. In this case it is admitted, and the trial court ruled, that the real estate sold by the sheriff is not subject to redemption; therefore, even if the subject of costs is incidental or germane to redemption, it does not follow that it is germane or incidental to sales of real estate where there is no redemption. If the provision in the act not to allow the former fee or commission to sheriffs was adopted for the benefit of the debtor or mortgagor and not for the creditor, it does not have that effect if applied in this case in favor of the bank, the creditor. In this case there is no redemption under the provisions of chapter 109; therefore the diminishing of the judgment or costs of sale does not make it easier for the debtor to redeem. It relieves the mortgagee, the creditor. The purchaser was entitled to his deed at the confirmation of the sheriff's sale, and a deed was issued. The

debtor or mortgagor had no further interest or claim to the real estate. The argument, therefore, that § 27 is constitutional because costs are germane or incidental to redemption wholly fails, as the provisions of the act make it apply to all sales, without any reference to redemption. The attempt to support the act upon the ground that it benefits the debtor only is not tenable, because it applies to the creditor as well as the debtor, and in this case, if the section is given any force or effect, it applies wholly for the benefit of the creditor, the mortgagee. With the redemption provisions eliminated from the act, the fees or commissions of the sheriff are not germane or connected with the subject. The provisions of the act take effect and begin to run at that point where the sale has been consummated, so far as any regulation of any of the things which enter into a sale is concerned.

The act commences: "After the sale by the sheriff of any real estate on execution, special execution, or order of sale, he shall, if the real estate sold by him is not subject to redemption, at once execute a deed therefor to the purchaser," etc.

Again, the words "prior creditor," in § 27, are difficult of reasonable interpretation in carrying out the professed object of the act. If we should legislate so that "prior creditor" may mean "first lien holder," then the question will arise whether it means the first lien holder as found in the proceedings, or the first lien holder according to the records. If we should declare that "prior creditor" may be extended by judicial legislation to every creditor and lien holder, then the second or third creditor or mortgagee who bids in the property, and is compelled to pay over to the sheriff the amount of the prior liens, involves the sheriff in care and responsibility for which no fee or commission is provided for. It is not claimed that this result was intended by the act. We think the objections made to § 27 are sufficient to forbid any change thereby in the commission of sheriffs upon the sales of real estate. For the foregoing reasons, and others that might be stated, the many cases decided by this court and cited by counsel of the bank do not, in our opinion, apply. Of course,

46—52 KAS.

a sheriff has no contract that he shall receive any particular compensation for the term he holds office. "The legislature may exercise its control by increasing or diminishing the salary or emoluments of an office, except in those special cases in which the constitution has forbidden its exercise." (*Harvey v. Comm'rs of Rush Co.*, 32 Kas. 162.) If the legislature had amended the act relative to sheriffs' fees or commissions, providing that, where real estate is bid in by or for any lien holder or judgment creditor, the sheriff should not receive any commission on the sale, such an act would be clearly constitutional.

The order and judgment of the district court will be reversed, and the cause remanded, with direction to allow the fee or commission charged.

All the Justices concurring.