The Nordyke-Marmon Company v. Jones Brothers, *et al.*

**Compensation of Sheriff.** A sale under special execution is adver-
tised. Before sale the judgment is paid and execution recalled.
*Held*, no fee for "collecting judgment" should be allowed. *Litch-
field v. Ashford*, 70 Iowa, 393, *distinguished*.

*Appeal from Lyon District Court.*—Hon. George W.
Wakefield, Judge.

Monday, February 4, 1895.

This is an appeal from an order of the District Court
retaxing costs.—*Affirmed*.

*E. C. Roach* for appellant.

*Parsons & Van Wagenen* for appellees.

Robinson J.—In March, 1893, the District Court of
Lyon county rendered a decree in favor of the Nordyke-
Marmon Company against Jones Bros. for four thou-
sand one hundred and sixteen dollars and sixty-seven
cents, and twenty-six dollars and forty cents costs, and
for the foreclosure of a mechanic's lien therefor on a
gristmill and its fixtures and machinery. At the same
time a decree was rendered against the same defendants
in favor of the Doon Savings Bank for two thousand six
hundred and sixty-four dollars and eighty-five dollars
costs, and the foreclosure of a second mechanic's lien on
the same property for those sums. An execution was
issued on each decree, and the property was duly adver-
tised for sale. Before the day appointed for the sale
arrived, the execution debtors sold the mill property at
private sale. The purchaser thereupon paid to the clerk

of the court the amount he admits to have been due by virtue of each decree, and the executions were recalled by the clerk. The amounts paid did not include any compensation for the sheriff for the collection of the money. The sheriff made returns of the executions, and on each taxed a fee for collecting the money for which . it was issued. A motion to retax the costs was filed by the Doon Savings Bank and the purchaser, and was sustained as to the charges for collecting, nothing being allowed for that purpose. The sheriff asks to have the order retaxing costs reversed. The question we are required to determine is presented by a certificate of the trial judge in words as follows: "Where the sheriff levies upon property under special execution, and takes possession of the same, and duly advertises the same for sale, and two days before the time of sale the defendant or other person liable to pay such judgment pays the same to the judgment creditor or his agent or attorney, paying costs into court, and the execution is ordered to be returned by the clerk, the property levied upon being of sufficient value to pay such judgment, is the sheriff entitled to charge, under the statutes of this state, fees or percentage for the collection of this judgment?" The appellant claims a right to the fees in question by virtue of section 9 of chapter 94 of the Acts of the Nineteenth General Assembly, which provides compensation to sheriffs as follows: "For collecting and paying over money—on the first five hundred dollars ($500.00) or fraction thereof, two per cent; and on excess over five hundred dollars ($500.00) and under $5,000.00, one per cent.; on all over five thousand dollars ($5,000.00) one-half per cent." The appellant contends that the question asked must be answered in the affirmative, under the authority of *Litchfield v. Ashford* 70 Iowa, 393, 30 N. W. Rep. 649. In that case it appeared that a sale of property upon which the execution had been

levied was actually made, but to the execution creditors. No money was paid, excepting for costs, although the amount of the sale was credited on the execution. This court held that the sheriff was entitled to collection fees the same as though the sale had been made to another, on the ground that it was the legislative intent to allow the percentage fixed by statute in all cases where the act of the sheriff amounted, in effect, to a collection. But in this case there was no sale by the sheriff, and he neither collected nor paid over money. It may be the sale of the property by its owners, and the consequent payment to the clerk of the amounts for which the executions were issued, were hastened by the acts of the sheriff, but whether that be so or not is immaterial. He was entitled to charge, and was in fact paid, for all the services he actually performed, and we think there is no ground for holding that he is entitled to collection fees. The question certified must be answered in the negative. The order of the District Court is *affirmed*.