BERRY, *Sheriff*, v. KIEFER *et al.*

No. 4345.   Opinion Filed May 13, 1913.

Rehearing Denied June ·22, 1913.

(132 Pac. 1126.)

**SHERIFFS AND CONSTABLES—Fees—Collecting Money on Sale.** By reason of section 6, chapter 69, Sess. Laws 1910, a sheriff may charge and collect "commission for collecting money on a sale," under special execution made by virtue of an execution of order of sale under a decree of foreclosure, where the purchase price is collected by the sheriff; but where the amount for which the property was sold does not exceed the judgment, and the judgment creditor or mortgagee is the purchaser, and the amount of the purchase price is applied as a credit upon the judgment, the sheriff is not entitled to any commission thereon.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by John D. Kiefer against Ella Blackwelder and another. A charge of commission on a judicial sale, included in the bill of cost filed by John W. Berry, sheriff, was disallowed, and he brings error. Affirmed.

*Hughes & Miller,* for plaintiff in error.
*McDougal & Lytle,* for defendants in error.

HAYES, C. J.· This cause comes to this court on appeal from an order of the lower court, sustaining a motion of defendant in error John D. Kiefer to retax the costs in a cause in which he was plaintiff, and Ella Blackwelder and John H. Blackwelder were defendants. The proceeding in the lower court was for foreclosure of a mortgage on real estate. Under the decree of foreclosure, a special execution or order of sale was issued, which was served by plaintiff in error herein as sheriff of the county, and the property was sold at public auction to defendant in error John D. Kiefer, the mortgagee, for the sum of

$2,500, which sum was credited upon his judgment, and no part of the same was collected in cash by plaintiff in error, who will hereinafter be referred to as the sheriff. In making his return the sheriff included in his bill of costs a charge of $33 as commission. Upon defendant in error's motion to retax the costs, this charge was disallowed.

The only question presented involves a construction of a portion of section 6, chapter 69, Session Laws 1910. That section provides the fees that may be charged and collected by sheriffs and constables. One of the charges provided for is:

"Commission for collecting money on sale: First $300, three per cent.; next $200, two per cent.; all in excess of $500, one per cent."

"It is the contention of plaintiff in error that he is entitled to charge and collect the commission on the amount of the sale when the judgment mortgagee or creditor is the purchaser, and the amount of the bid is credited upon the judgment, as well as when he collects the purchase price in cash and returns same to the court. In view of the other provisions of the statute, we think this contention cannot be sustained. It was contemplated by the statute to provide compensation for each service the sheriff is required to render. Other provisions of the same section fix a fee for his serving any order of sale and for making return thereof. It also provides a fee for summoning appraisers and appraising the property, for selling or offering for sale the property, and for making the deed and the acknowledgment thereto. For every service he is required to or may perform in connection with making a sale, a specific sum as compensation therefor is provided. The provision for the commission is that it shall be "for collecting money on sale." When no money is collected, there is no service rendered for which· this commission could be charged. It was contemplated by this charge to reward the sheriff for receiving the money, and to compensate him for his liability in holding and accounting for

same. It was not intended as a compensation for any other act in connection with the sale, for the reason that every other act is compensated by a fee specified in the statute.

Statutes relating to fees and compensation of public officers are, as a rule, strictly construed; and an officer is entitled only to what is clearly given by law. Section 714, Lewis' Sutherland Stat. Const. While a liberal construction of an ambiguous statute might be required where a strict construction would fail to compensate an officer for some service he is required to render, a liberal construction would not require a meaning to be given to a statute when it results in awarding to the officer a fee or compensation for a service he does not render. No case has been cited, and we have been unable to find any, squarely in point; but the following cases, either because of the similarity of the statutes involved, or in the reasoning contained in the opinions of the court, support the conclusion we have reached: *State ex rel. Thompson v. Prince*, 9 Wash. 107, 37 Pac. 291; *Coleman v. Ross*, 14 Ore. 349, 12 Pac. 648; *Fiedeldy v. Diserens*, 26 Ohio St. 312; *Dawson v. Graflin*, 84 N. C. 100; *Vance v. Bank of Columbus*, 2 Ohio, 214.

Counsel for plaintiff in error have argued with zeal that *Wilkerson v. Belknap Savings Bank*, 52 Kan. 718, 35 Pac. 792, is in point, and should settle this case in favor of plaintiff in error. We are unable to regard that case as in point. In that case was involved a Kansas statute of 1881, which contained language almost the same as the statute here involved, and also a later statute of that state, an act of 1893, which statute provided that the sheriff should not be entitled to charge for commission on a sale where the property had been bid in by or for the prior creditor. In that case both parties conceded that the earlier statute allowed the sheriff to collect the commission on the sale regardless of whether the prior creditor bid in the property. The judgment creditor in that case contended that the earlier statute was repealed by the later

statute, and the sheriff contended that the repealing statute was unconstitutional, and the question determined by the appellate court was the unconstitutionality of the later statute; the construction of the earlier statute by the parties being, of course, accepted by the appellate court. The case, therefore, not being directly in point, and not binding upon this court if it were in point, we refuse to give to the statute here under consideration the construction that appears to have been given to the statute there under consideration by the parties and the court; and we adopt that construction which appears to us to be the most consistent with the language of the act, and that must follow from an application of the rules of construction.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.