[Civ. No. 1311. First Appellate District.—March 9, 1914.]

JOHN F. KELLY, as Trustee in Bankruptcy of the Estate of James Treadwell, Appellant, v. FRANK BARNET, as Sheriff of the County of Alameda, Respondent.

EXECUTION SALE—NECESSITY OF PAYMENT OF BID—INTERPRETATION OF CODE SECTIONS.—Sections 681 to 700 of the Code of Civil Procedure govern the issuance and enforcement of writs of execution, and prescribe the powers and duties of the officers executing the same; and their plain intendment is that sales of property under execution shall be conducted for cash, and that successful bidders shall be prepared to pay the amount of their bids in cash at the time of the sale. No distinction is made, in these respects, between purchasers who are also judgment creditors and those who are not.

ID.—PURCHASE BY JUDGMENT CREDITOR—NECESSITY OF CASH PAYMENT.—While a judgment creditor who bids in the property at execution sale for the amount of his judgment may, as a matter of convenience,

arrange with the officer making the sale to have the latter accept his receipt for the amount of the judgment in lieu of the cash payment required by his bid, still the officer is not bound to do this, and may in every instance require the successful bidder to pay in cash the amount of his bid at the close of the sale.

ID.—FAILURE OF PURCHASER TO TENDER AMOUNT OF BID—RIGHT TO DEMAND CERTIFICATE OF SALE—COMMISSIONS.—Where the judgment creditor bids in the property at execution sale, but does not pay or tender the cash amount of his bid, he does not become a purchaser at the sale within the contemplation of the statute, and has no right to demand a certificate of sale; and no money having been collected by the sheriff on the execution, no question as to his right to charge or collect a commission can properly arise.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellant.

Reid & Dozier, and John J. A. Allen, for Respondent.

RICHARDS, J.—This is an appeal from a judgment entered after an order sustaining a general demurrer to the complaint, the plaintiff declining to amend.

The action was in the nature of an application for a writ of mandate to compel the defendant, as sheriff of Alameda County, to make, execute, deliver, and record a certificate of sale upon execution of certain real property, in favor of the plaintiff as the purchaser thereof at such sale. The following are the essential facts set forth in plaintiff's application for the writ: The plaintiff, as trustee in bankruptcy of the estate of James Treadwell, brought an action against one John Treadwell to recover the sum of about forty-nine thousand dollars alleged to be due by the latter to said estate in bankruptcy; and in said action caused an attachment to be levied upon certain real property in the county of Alameda. The plaintiff obtained judgment in said action for the sum of $49,719.77, and thereupon caused a writ of execution to issue and be levied upon said property. At the sale by the sheriff under said writ plaintiff was the only bidder, and he bid in the property for the full sum of his judgment and costs, which

then aggregated the sum of $50,400.43. At the time of the levy of the writ of execution plaintiff paid the defendant as sheriff the sum of twenty-five dollars on account of the costs and expenses of such levy and sale; but he has not paid or tendered to the defendant, as such sheriff or otherwise, any other sums of money on account of said sale or of the sum bid by the plaintiff as the purchaser thereat; but in lieu thereof he has tendered to the defendant, as sheriff and as the officer conducting said sale, a receipt for the full amount of plaintiff's bid for the property, and has thereupon demanded that the defendant, as such sheriff, make, issue, deliver, and cause to be recorded a certificate of such sale in plaintiff's favor. The defendant, as sheriff, declines to do this for the reason that his commissions upon the sale, amounting to the sum of $258.93, have not been paid.

The appellant's contention is that, being the judgment creditor in the action wherein the execution was issued and the execution sale conducted, and having bid in the property for the amount of his judgment and costs, he was not required to go through the formality of paying over to the sheriff the amount of his bid in cash in order to have the sheriff repay it to him in satisfaction of his judgment; and that, in lieu of making such payment, he was entitled to hand the sheriff a receipt in full of the amount due on the judgment as the equivalent of the cash to be paid on his bid; and hence that the sheriff, not being entitled to receive any cash, and not actually receiving or collecting any, was not entitled to charge commissions on the collection upon execution of the amount due on the judgment.

This specious contention of the plaintiff finds no authority to support it in the law relating to execution sales. Sections 681 to 700 of the Code of Civil Procedure govern the issuance and enforcement of writs of execution, and prescribe the powers and duties of the officers executing the same. The plain intendment of these sections is that sales of property under execution shall be conducted for cash, and that successful bidders shall be prepared to pay the amount of their bids in cash at the time of the sale. No distinction is made between purchasers who are also judgment creditors and those who are not. It is true that the judgment creditor who bids in the property for the amount of his judgment may, as a

matter of convenience, arrange with the officer making the sale to have the latter accept his receipt for the amount of the judgment in lieu of the cash payment required by his bid; but the officer is not bound to do this, and may in every or any instance require the successful bidder to pay in cash the amount of his bid at the close of the sale. (Code Civ. Proc., sec. 695.) The sheriff in this case evidently took this position, and was also evidently led to do so by the claim of the appellant that he had no right to charge and collect his commission because he had not actually collected the money on the execution. We have no doubt of the soundness of the respondent's position. As sheriff he was not bound to make, execute, deliver, or record a certificate of sale to a bidder who had not become a purchaser by paying or tendering in cash the amount of his bid for the property; nor was he bound to accept the proffered receipt of the judgment creditor in lieu of such payment. The case rests there so far as it is disclosed by the material averments of the complaint. The bidder not having paid or tendered the cash amount of his bid, did not become a ·purchaser at the sale within the contemplation of the statute, and had no right therefore to demand a certificate of sale; and the sheriff not having as yet collected any money on the execution, no question as to his right to charge or collect a commission could properly arise in this case. (Pol. Code, sec. 4300b.)

The authorities relied upon by the appellant have no application to the case at bar for the reason that they relate to the rights of a purchaser at execution sales, to which position, as has been seen, the appellant never attained. We think the demurrer was properly sustained.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.