No. 19,330.

E. F. RICHEY, *Appellee,* v. T. J. FERGUSON· et al. (C. R. DOLLINGS, as Sheriff, etc., Interpleader, *Appellant*).

SYLLABUS BY THE COURT.

1. SHERIFFS—*Commissions on Sale of Realty—Construction of Statutes.* *Wilkerson v. Savings Bank,* 52 Kan. 718, 35 Pac. 792, as to the invalidity of section 27 of chapter 109 of the Laws of 1893, is followed.

2. SAME. Chapter 182 of the Laws of 1909, having a comprehensive title, section 501 thereof is valid and under the facts shown by the record is the law applicable to this case.

3. SHERIFF'S FEES—*Term "Prior Creditor" Interpreted.* Generally the term "prior creditor" as used in section 501 of the civil code (Gen. Stat. 1909, § 6096) means the creditor who is accorded priority in the judgment enforced by the sale.

Appeal from Hamilton district court; ALBERT T. WATKINS, judge *pro tem.* Opinion filed October 10, 1914. Affirmed.

*A. M. Harvey,* of Topeka, *Edgar Foster,* and *Fred J. Evans,* both of Garden City, for the appellant.

*William Easton Hutchison,* of Garden City, and *George Getty,* of Syracuse, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from the judgment of the district court of Hamilton county upon a motion to retax costs. The cause in which it arose was a foreclosure action and at the sale the land was purchased

by the plaintiff, who was the prior creditor, and the sheriff made a return in which he charged the commission provided by law (Laws 1913, ch. 197) to be charged by the sheriff for the collection of money upon the making of a sale. The sale in question was held on the 7th day of July, 1913, and it is conceded that the law then in force as to costs in the making of such sale must govern.

Appellant's motion to retax costs was grounded upon the provision of section 501 of the civil code, which reads as follows:

"In any case where the property is bid in by or for the prior creditor, the sheriff shall receive his fees for the sale, but shall not be entitled to charge any commission on said sale; and no stenographer's fees shall hereafter be taxed in any foreclosure suit, except in cases where a stenographer is actually employed."

Upon the hearing of the motion and the objections to the confirmation of the sale the court allowed the motion to retax costs and eliminated from the cost bill the item of $100.13, this being the sheriff's charge for commission for making the sale and collecting the money on the sale.

Appellant relies upon the case of *Wilkerson v. Savings Bank,* 52 Kan. 718, 35 Pac. 792, for a reversal of the case. The appellee, on the other hand, relies upon section 501 of the civil code of 1909, which was first published under a different title in the Laws of 1893 as section 27 of chapter 109. Section 27 has since been republished in several compilations of the statutes of Kansas, and in the revision of the code the section was reënacted as section 501 of chapter 182 of the Laws of 1909. The title of this act is "An act concerning the code of civil procedure."

It is said to have been the practice of sheriffs in the state for years to charge the commission on the sum for which land was sold at sheriff's sale whether the amount of the bid was collected in money or whether the prior creditor bid for the land the amount he chose

to indorse on his judgment under which the sale was made. As we shall see, the legislature in 1893 made an unavailing attempt to abolish the practice, but in 1909. enacted an effective law to accomplish the object.

The principal reasons for holding the section "without force or effect" in the Wilkerson case, *supra,* is that there was no reference to costs or commissions in the title of the act of 1893; that the words "prior creditor" are difficult of interpretation in carrying out the professed object of the act, and that there was no provision of the statute for the redemption of real estate sold at sheriff's sale until nearly one year after the rendition of the judgment in that case, section 27 being a part of that act. The subjects of costs, sheriffs' commissions and the redemption of real estate sold by a sheriff in obedience to a judgment and order of a court of competent jurisdiction, it need hardly be said, are matters to be regulated by the code of civil procedure; that the appellee was the prior creditor in this action is conceded and the judgment herein was rendered long after the enactment of chapter 182 of the Laws of 1909. Generally the term "prior creditor" as used in this section means the creditor who is adjudged priority in the judgment enforced by the sale. The reasons assigned by the court in the Wilkerson case, *supra,* are thus all obviated.

The appellants, however, say that section 501 of chapter 182 of the Laws of 1909 is not a new enactment but is a continuation of section 27 of chapter 109 of the Laws of 1893, as provided in section 9037 of the General Statutes of 1909. This is true of the body of the section but is not true as to the title of the act. The legislature by the act of 1893 attempted to provide that in certain cases a sheriff should be entitled to no commission, as for the collection of money, upon certain defined sales of real estate. By the failure to clearly express the subject of the act as required by section 16 of article 2 of the constitution, the attempt

failed and was "without force or effect" for the purpose intended.

A subsequent legislature supplied the defect by a comprehensive title and made that which was invalid a valid law. The first attempted enactment was, in effect, a nullity, and the section did not thereby become a statute and there could be no continuance of the attempted provisions thereof. The first legal enactment of section 501 as published in the Laws of 1909 and in the General Statutes of that year (§ 6096) was made in 1909. The provisions of the section were effective at the time of the sale and at the time of the hearing of the motion to retax the costs, and are conclusive of the rights of the parties.

The order of the court eliminating the commission from the costs of the sale is affirmed.