## LYMAN v. THORN.

(No. 859; Decided June 10th, 1916; 157 Pac. 887.)

SHERIFFS—SHERIFF'S COMMISSION ON EXECUTION SALE—PURCHASE BY JUDGMENT CREDITOR—STATUTES—EXECUTION SALE.

1. Where the judgment creditor purchases property at an execution sale had for the satisfaction of his judgment, for less than the judgment debt, the purchase price being credited upon the judgment and execution and no money actually passing through the sheriff's hands, the sheriff is nevertheless entitled to the commission allowed by Compiled Statutes, Section 1214, on money collected on execution or other process.

ERROR to District Court, Crook County; HON. CARROLL H. PARMELEE, Judge.

Action by John M. Thorn against William H. Lyman for the recovery of fees claimed by plaintiff to have been earned by him as sheriff in connection with the sale of property on execution. The facts are set forth in the opinion.

*Harry P. Ilsley,* for plaintiff in error.

The plaintiff is not entitled to the fees provided by Section 1214 of the Comp. Stats., for the reason that no money was actually collected; the property was bid in by the judgment creditor and the purchase price was credited upon the execution and judgment; statutes relating to fees are strictly construed. (25 Ency. of Law, 730.) Sheriffs are not entitled to fees except as provided by statute. (35 Cyc. 1572.) Commission is allowed on money actually collected. (35 Cyc. 1575; Vance v. Bank of Columbus, 2 Ohio, 214; Coleman v. Ross, 14 Ore. 349, 12 Pac. 648; Jackson v. Siglin, 10 Ore. 93; Crawford v. Abraham, 2 Ore. 163; Howe v. Douglas County, 3 Ore. 488; Fiedeldey v. Diserens, 26 O. St. 312; Dawson v. Grafflen, 84 N. C. 100; Perry v. Wright (Utah), 45 Pac. 46; State v. Prince, 37 Pac. 292; State v. Pugh (Wash.), 28 Pac. 79; Soderburg v. King County (Wash.), 45 Pac. 785.) Fee statutes

are always strictly construed. (Lewis's Sutherland Stat. Const., Sec. 714.) The fee is allowed as compensation for receiving, holding and accounting for money collected. (Berry v. Kiefer (Okla.), 133 Pac. 1126.) Cases cited by plaintiff are clearly distinguishable from the provisions of our statute and we do not believe they are controlling. No money was collected and no responsibility for money incurred; under the rule of strict construction plaintiff is not entitled to recover.

*T. W. Lafleiche,* for defendant in error.

Defendant is entitled to the commission allowed by Section 1214, Comp. Stats. 1910. The acceptance of property in lieu of money virtually amounts to a collection and it has been so held in a number of cases under similar statutes. (Sharvey v. Central Iron Co., 58 N. W. 864 (Minn.); Litchfied v. Ashford, 30 N. W. 649.) Cases to the contrary are based upon statutes differing in terms from Section 1214. (State v. Prince, 37 Pac. 291; State v. Pugh (Wash.), 38 Pac. 79.) See also Coleman v. Ross, 12 Pac. 648. The Utah statute also differs. (Perry v. Wright, 45 Pac. 46.) Montana holds to the contrary. (Jurgens v. Hauser, 47 Pac. 809; Arnold v. Dinsmore, 3 Colo. 235; Morse v. Gibbons, 43 Cal. 377.) The Ohio statute also differs from Wyoming. (Major v. Coal Co., 81 N. E. 240.) Kansas supports plaintiff's contention. (Wilkerson v. Belknap Bank, 35 Pac. 792.) The case of Roberts v. Ingalls, 135 Pac. 927, in view of the similarity of a Nevada statute, ought to be controlling. In that case all other decisions are carefully reviewed. The sheriff's claim for fees in this case has the support of the better reasoned cases relating to the question.

Potter, Chief Justice.

The agreed and only question to be determined in this case is whether the sheriff is entitled to the statutory fee or commission prescribed for collecting money on a sale of property on execution, where the property is purchased

by the judgment creditor, and the amount of the bid or pur-
chase price is credited on the execution and judgment with-
out the payment of any money. The action was brought by
John M. Thorn to recover such fee alleged to be due him
as sheriff of Crook County upon a sale of certain real estate
and personal property under an execution issued upon a
judgment against the McLaughlin Tie and Timber Company
and in favor of William H. Lyman, the defendant in the
action and plaintiff in error here. The cause was heard in
the district court upon an agreed statement of facts resulting
in a judgment for the plaintiff in the sum of $1,077.50, the
full amount of the claim. The case is here on error. The
judgment includes $7.50, the fees allowed for making the
levy, advertising the property for sale and executing the
sheriff's deed, and the right of the sheriff to recover that
amount for such services is not denied, but is admitted by
the pleadings and the statement of facts. The controversy
relates only to the sum of $1,070, which was alleged to be
due as commission on the amount for which the property
was sold.

Briefly stated, the agreed facts are as follows: The judg-
ment upon which the execution was issued was for the sum
of $339,412.88. Pursuant to the execution and a levy there-
under, the sheriff offered at public sale and sold certain real
estate of the judgment debtor situated in Crook County in
this state, and also property described in the petition in
this action as "Camp Ten" belonging to the said judgment
debtor "and all of the buildings used in connection with the
same," and all the right, title and interest of the said judg-
ment debtor in and to the railroad and railroad right of way
extending from Nahant, South Dakota, into Crook County,
Wyoming, with all of the appurtenances thereto belonging
and all leases and lease-hold interests. At said sale the
judgment creditor, the defendant below and plaintiff in
error here, was the only bidder, and all of the property was
sold to him for the total sum of $105,000. No money was
paid to the sheriff on the sale, and no certificates of indebt-

edness or negotiable paper were transferred to the said judgment creditor on account of the sale, but a certificate of sale was issued to him as the purchaser, and the amount of said bid and purchase price was credited upon the judgment and execution. Thereafter in due course of law a sheriff's deed to the property aforesaid was executed and delivered to said purchaser, and he thereupon became the owner and has since sold large portions of said property. It is admitted by the agreed statement that the amount of the sheriff's commission, if he is entitled to any, would be the sum of $1,070 claimed by him.

The commission is claimed under Section 1214, Compiled Statutes, 1910, which, omitting the provisions not here involved, reads as follows: "The sheriff in addition to his annual salary shall be entitled to receive from the party for whom the service is rendered in civil cases, the following fees, which in all cases must be paid in advance, if demand be made therefor: * * * * making levy under execution, or other process where levy is required, one dollar; * * * * commission on money collected on execution or other final process, where the same is collected without sale of property, for the first five hundred dollars, two per cent; for the second five hundred dollars, one per cent; for all over one thousand dollars, one-half of one per cent; where collection is made upon a sale of the property, the commissions allowed shall be as follows: On the first five hundred dollars, four per cent; on the second five hundred dollars, two per cent; on all over one thousand dollars, one per cent; for advertising property for sale, one dollar and fifty cents; when executing deed when necessary to be made by sheriff upon any real property (including acknowledgment), five dollars." The question, therefore, is whether under the circumstances of the sale aforesaid any money was collected, within the meaning of the statute entitling the sheriff to the commission allowed where collection is made upon a sale of property.

The legal effect of the transaction in the case of a sale made as aforesaid is certainly a collection of the amount

of the bid.   Such amount will be endorsed on the execution
and credited thereon and on the judgment as money made
or collected by the sale, and the judgment which is for money
will be satisfied to that extent.   Although the amount of the
bid is not paid to the sheriff in cash, except, it may be, the
costs and expenses of the levy and sale, that is because the
purchaser as judgment creditor would be entitled to have it
returned to him, and for convenience the formality of
actually paying and returning the money is dispensed with.
We believe that to be the usual practice here as well as in
other states, and it is not regarded as improper though
without express statutory authority.   It seems to be recog-
nized if not impliedly authorized by one of the sections of
the redemption statute of 1895 (Comp. Stat. 1910, Sec.
4734), which provides that the certificate of sale shall de-
scribe the lands or tenements purchased, and the sum paid
therefor, "or if purchased by the plaintiff in the execution,
the amount of his bid."   (And see also Sec. 4735.)   But
such method of completing the sale does not result in noth-
ing being made or collected on the execution.   On the con-
trary, the transaction is treated as though the money had
been paid to the officer and returned to the creditor, and
there may even be an interchange of receipts waiving the
formality of passing the money from one to the other and
back again.   A bid of a certain sum of money—as in this
case one hundred and five thousand dollars—means the
amount in money.   Unless the bid means that there would
be no authority to accept it.   The officer is commanded by
the execution that of the goods and chattels of the debtor
he cause to be made the money specified in the writ, and,
for want of goods and chattels, that he cause the same to
be made of the lands and tenements of the debtor.   (Comp.
Stat. 1910, Sec. 4690.)

Lands and tenements upon which an execution is levied
must be appraised at the real value thereof in money.
(Comp. Stat. 1910, Sec. 4698.)   And it is provided that the
property shall not be sold for less than two-thirds of such

appraised value. (Id., Sec. 4700.) It is provided in Section 4703 that if the sheriff collect upon an execution any part of the judgment without the sale of real estate, he shall pay the same to the judgment creditor or his attorney upon demand therefor at his office, and in Section 4705 that when lands and tenements are levied on and sold, the officer, on making the sale, may retain the purchase money in his hands until the court examines his proceedings, when he shall pay the same to the person entitled thereto agreeably to order of the court. We think a comment necessary as to Section 4705. As found in the Compiled Statutes, and the previous Revision of 1899, that section is either incomplete or incorrect because omitting some of the words of the section as enacted and found in Revised Statutes of 1887, and which had not been stricken by any express repeal or amendment. (See Rev. Stat. 1887, Sec. 2744.) As now printed, the section would seem to provide that if the court shall find the sale to have been made in conformity to the provisions of the code, the clerk shall be directed to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer, on making the sale, may retain the purchase money, etc. But it should read immediately following the words "legality of such sale," as follows: "and that the officer make to the purchaser a deed for the lands and tenements; and the officer, on making the sale, may retain the purchase money," etc. The words "and that the officer make to the purchaser a deed for the lands and tenements" are omitted, the result, we think, of a mistake in copying or printing the section as found in the 1887 revision. They may have been omitted upon the theory that the provision for a deed was changed or repealed by the redemption statute of 1895 providing for first issuing a certificate of sale. (Comp. Stat. 1910, Secs. 4733-4744.) But if so, the provision as to the retaining and paying over of the purchase money by the officer should not be made a part of the sentence providing for the making of a journal entry confirming the sale; that sentence then

should end with the words "legality of such sale." Said provision as to retaining and paying over the money is an independent affirmative provision, intended to confer authority on the officer at the time of making the sale to retain the money, and to require him afterwards upon confirmation of the sale to pay the money to the person entitled thereto.

The Supreme Court of Ohio has had occasion to speak of the effect of an execution sale of property to the judgment creditor, without the payment of any money except the costs, in a case where the question of sheriff's fees was not involved. In the case referred to (Sparrow v. Hosack, 40 O. St. 253), it appeared that after levy on certain land of the judgment debtor a part of the judgment was paid and the fact entered on the court journal, but a *vendi* afterwards issued for the full amount without crediting or mentioning the partial payment, whereupon the land was sold to the judgment creditor for a sum less than the original amount of the judgment, but much in excess of the balance due thereon, the creditor paying the sheriff the costs only. He was sued for the amount of the purchase price in excess of the balance that had been due on the judgment, as for money had and received for plaintiff's use, by one who had become the owner of the land holding under the judgment debtor through conveyances with usual covenants of warranty. The court held that the plaintiff in the action was entitled to recover, since the defendant had received the equivalent of money for which he should have accounted, and in discussing the question the court said: "Sparrow occupied a double relation. As purchaser he was bound to pay the full amount of his bid, and if he had been such merely he could not have practiced this fraud. As judgment creditor he was bound to pay only the costs, if his judgment equaled or exceeded his bid; and only because he was such creditor he was enabled to and did deceive the sheriff. The *vendi* was a means to an end. Its sole object was to provide payment of the judgment. It commanded the sheriff to make the original amount in full.

And the actual transaction operated a collection to the full value of the land and the payment of the same, less costs, over to the creditor. It was as effectually and precisely done as if Sparrow, the *purchaser,* had counted down the amount of his bid on the day of sale, and the sheriff on confirmation had counted back the same, less costs, to Sparrow, the *creditor.* In legal effect this was done."

The statute of Ohio provides for a commission or poundage on an execution levied on real estate on "moneys actually made and paid to the sheriff," and declares further that when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party. And it is held under that statute that the sheriff cannot charge poundage where the property is purchased, without paying any money except costs, by one entitled to the whole of the proceeds, although not a party to the suit. (Major v. International Coal Co., 76 Ohio St. 200, 81 N. E. 240.) But where the statute, as in this state, provides merely as to commission, where property is sold, that the officer shall be entitled to the specified commission on money collected upon the sale, we think it should not be construed as denying the right to the commission under the circumstances of the sale involved in this case, on the ground that the money was not actually paid into the sheriff's hands.

The decisions are not harmonious on the question, though the conflict is chiefly the result of difference in the statutes considered. Counsel for plaintiff in error relies upon the following cases: Peery v. Wright, 13 Utah, 480, 45 Pac. 46; Coleman v. Ross, 14 Ore. 349, 12 Pac. 648; State v. Prince, 9 Wash. 107, 37 Pac. 291; State v. Pugh, 9 Wash. 694, 38 Pac. 79; Vance v. Bank of Columbus, 2 Ohio 214; Fiedeldey v. Diserens, 26 O. St. 312; Berry v. Kiefer, 38 Okl. 377, 133 Pac. 1126; Dawson v. Grafflin, 84 N. C. 100. The Ohio cases and the North Carolina case cited are not in point; they decide a different question which need not

be considered, and upon which also there is some conflict in the authorities, viz.: the right of the sheriff to a commission where, after execution has been issued and either before or after levy the amount of the judgment is paid to the judgment creditor by the debtor. In Vance v. Bank, supra, it appearing that the money had been so paid and that no property had been sold under the execution, the commission was disallowed. In Fiedeldey v. Diserens, supra, it appeared that there had been a sale to a third person, but before it was confirmed the debtor had paid to the creditor the amount of the judgment and thereupon the court set the sale aside; and in that case also the commission was disallowed. In Dawson v. Graffling, supra, the point decided was that the sheriff was not entitled to a commission on money paid to the plaintiff by the defendant after levy, where there had been no sale under the execution.

In the Oregon and Washington cases cited and relied on by plaintiff in error, the property levied on was sold to the judgment creditor and his bid credited upon the judgment without the payment of any money to the sheriff, as in the case at bar. That was the situation also in the Oklahoma case of Berry v. Kiefer, supra. But the statute construed in the Oregon and Washington cases differs materially from the statute of this state on the subject. By the Oregon statute a commission was allowed on "money actually made on any process and returned to the clerk"; and the statute in Washington allowed a percentage "on all moneys actually made and paid to the sheriff." The decisions in those states denying the right to the commission appears to have been based upon the peculiar language of the statute. Referring to the Oregon statute, the Supreme Court of that state, in the case cited, said in substance that to entitle the sheriff to a commission the money must have been actually made and returned to the clerk, and the language used in the statute in expressing those conditions was further commented on as follows: "Of course, if the statute plainly allows it, we have nothing to do with the

question as to whether it (the commission) is reasonable
or not; but in cases of doubt it might be very material to
consider the consequences of a particular construction. But
in this case there can be no doubt of the legislative intent,
and that was not to allow commissions unless the money
was actually, not figuratively or constructively, received on
the process, and then paid over to the clerk. Unless this
language is to receive this interpretation, its careful and
studied use by the legislature is without meaning and with-
out effect." And in State v. Prince, supra, the Supreme
Court of Washington said that by the clause allowing a per-
centage on all moneys actually made and paid, "the legisla-
ture seems to have recognized that a sheriff might serve
executions and execute orders of sale so that the same
might be satisfied and performed without actually receiving
any money, as in this instance, and meant to exclude all
such cases, and to prohibit him from charging any com-
mission therefor."

The statute of Oklahoma provides for charging a com-
mission "for collecting money on sale," and it is construed
in Berry v. Kiefer, supra, as not permitting the charge
when the judgment creditor is the purchaser, and the
amount of his bid is credited on the judgment. But it was
so construed in view of the other provisions of the statute
prescribing fees for serving an order of sale, making return
thereof, summoning appraisers and appraising the property,
selling the property or offering it for sale, as well as for
making the deed. And the court said that for every service
required a specific sum was provided as compensation; that
when no money is collected no service is rendered for which
the commission could be charged, for it was contemplated
by the charge to reward the officer for receiving the money,
and compensate him for his liability in holding and account-
ing for the same. No specific fee for summoning appraisers
or for conducting the sale is provided by our statute, which,
in that respect, differs from the Oklahoma statute.

But we cannot agree with the view expressed in the cases
denying the officer's right to the commission under the con-

ditions stated, that it is allowed only as compensation for receiving and accounting for the money. We think it is intended also as compensation for the risk and liability otherwise incurred by the levy and sale. The commission is prescribed for money collected on the sale of personal as well as real property, and since nothing is otherwise allowed the officer for keeping and caring for personal property levied on, except his actual and necessary expenses (Comp. Stat. 1910, Sec. 1215), he would receive no compensation for the risk and liability assumed by holding and selling such property, which might be considerable, as in the case of live stock or other property requiring care and attention, unless entitled to the prescribed commission; and it is not impossible that the creditor might become the purchaser and have the amount of his bid credited on the execution and judgment.

While we think that the provision for the commission in our statute, in the absence of any other provision qualifying it or limiting its operation, is to be construed as allowing the commission under the circumstances of the sale in question, and that such construction is sustained by the weight of authority, the legislature seems to have recognized the right to the commission in such case by providing in Section 4740, Compiled Statutes, 1910, found in the article relating to the redemption of lands sold on execution, that no commission on the amount of the redemption money shall be allowed the officer receiving the same, but the usual commission shall be allowed the officer selling the property on the excess over the amount of the redemption money. The last clause evidently refers to a second or subsequent sale upon redemption by a judgment creditor provided for in Sections 4736, 4737 and 4738. As previously stated, the certificate of sale on execution is required to state the sum paid, or if the lands be purchased by the creditor, the amount of his bid. (Id., Section 4734.) And Section 4735 provides that the judgment debtor may redeem within six months from the sale by paying to the purchaser, or the

sheriff·or other officer who made the sale, the sum paid on
the purchase price, or the amount given or ·bid if purchased
by the plaintiff in ·the execution. Section 4740 seems to
contemplate that whether the property has been sold to a
third person or the judgment creditor, the officer will have
received his commission, and to intend that he shall not be
allowed another commission on the redemption money rep-
resenting the amount of the purchase price with interest.
To hold that he is not entitled to a commission·on the sale
when sold to the plaintiff in the execution by crediting the
price on the judgment without actually·handling the money,
would. result in view of ·Section 4740, in not allowing him
any commission, although upon redemption the entire
amount of the purchase price should be paid to the plaintiff
in money passing through the sheriff's hands. We doubt if
any such result was intended.

As above stated, we believe the weight of authority sus-
tains. the right to the commission upon the facts in this case,
where the provision therefor is no more specific than in our
statutes as to the· service or collection for which it is al-
lowed. (Sharvey v. Central Vermillion Iron Co., 57 Minn.·
216, 58 N. W. 864; Litchfield v. Ashford, 70 Ia. 393, 30
N. W. 649; Jurgens v. Hauser, 19 Mont. 184, 47 Pac. 809;
Roberts v. Ingalls, 36 Nev. 325, 135 Pac. 927, 48 L. R. A.
(N. S.) 542, Ann. Cas. 1915C, 1119; Arnold v. Dinsmore,
3 Cold. (Tenn.) 235; Kelly v. Barnet, 24 Cal. App. 119,
140 Pac. 605.)

The statute of Minnesota allowed the sheriff a commis-
sion or percentage for "collections on executions, when the
same is collected or settled after levy." Construing that
statute, it was held in Sharvey v. Iron Co, supra, that there
. was a collection within the meaning of the statute, entitling
the sheriff to the percentage where lands were levied upon
and sold to the judgment· creditor, and the execution was
returned with the amount of the bid credited thereon.· The
reasons for the conclusion were stated in the opinion by
Gilfillan, Chief Justice, as follows:

"When an execution creditor bids upon the property levied on, he bids as any one else does, except that, if it be struck off to him, to avoid circuity of action, and as matter of convenience, he is not required to go through the ceremony of paying the money to the sheriff and receiving it back from him. But he is presumed, as any one else would be, to bid the property off at what he deems to be its value; and there is secured to him, by means of the execution and sale, the amount of the bid, less the fees and expenses, by acquiring the title to the property if the sale become absolute, and by actual receipt of the money if there be redemption. Whatever he acquires by the execution and sale is to be deemed a collection, not only as between him and the judgment debtor, but as between him and the sheriff. If this were not so, execution creditors might in many cases profit by defeating the sheriff's just claim to fees. In this case the property was struck off to defendant at $250,000. Suppose a third person had bid that amount, and the defendant had bid $50 more, that being the highest bid, the sheriff would have been obliged to strike off the property to it, and, if he were not entitled to fees because the defendant bid off the property, it would make a very handsome profit by its raise of $50."

The statute of Tennessee considered in Arnold v. Dinsmore, supra, provided a fee for collecting money on executions, without making any other provision where land levied upon is bid in by the execution creditor; the court said:

"No 'money,' in the language of the statute, was collected; but the land sold was voluntarily accepted by the creditor, in lieu of the money, and thereby, under our practice, the execution satisfied. The sheriff did all he was commanded to do by law. He could not do more under his process. Every duty and responsibility enjoined by it were assumed and faithfully discharged; and we think, by a fair and just interpretation of the statute, he is entitled to compensation for his services. The execution creditor was not bound to bid in the land. He did it at his own option, and it is to

be presumed, for his own interest. Strictly, the sheriff might have demanded of him, as of any other purchaser, the payment of his bid, at which the land was struck off, and returned it with the *fieri facias,* into court, when it would have been paid over by the clerk to the judgment creditor. But, such has not been our practice, and we have no disposition to disturb it. It has been sanctioned by long usage, and it is doubtlessly often convenient and highly beneficial to both parties."

In Litchfied v. Ashford, supra, under a statute declaring the sheriff entitled to charge and receive a fee according to percentage on the amount, "for collecting and paying over money," he was held entitled to the percentage upon the amount of a sale where the judgment plaintiff became the purchaser and the amount of his bid was not paid to the sheriff, but credited on the judgment. Referring to a former statute expressly allowing a commission where the property was purchased by the execution plaintiff, and construing the later statute then under consideration, the Iowa court said: "It appears that by the previous legislation a sale of property to the plaintiff in execution was regarded as a collection made by the sale, and it is so in fact. The sale pays the debt. Now, when the nineteenth general assembly fixed the fees for collection, and omitted to except a collection made by a sale to the plaintiff in execution, we think the legislative intent was to allow the percentage in all cases where the act of the sheriff amounted, in effect, to a collection."

The question here presented was decided in the Montana case of Jurgens v. Hauser, supra, and in the Nevada case of Roberts v. Ingalls, supra, under a statute providing a commission for receiving and paying over money on execution or other process where lands or personal property have been levied upon and sold, and in each case the sheriff was held entitled to the commission, the court refusing to follow a previous decision to the contrary under an identical statute in the case of Peery v. Wright, supra. Although the precise question was not involved in the California case of Kelly v.

Barnet, supra, the remarks of the court stating the reasons
for the decision in that case are pertinent.  The action was
to compel the sheriff to execute and deliver a certificate of
sale to the plaintiff as the purchaser at a sale of real estate
on execution.  The execution was issued upon a judgment
in favor of the plaintiff, and he was the only bidder at the
sale.  He bid the full amount of his judgment and costs,
and tendered the sheriff a receipt for such amount with the
sum of $25 to cover the costs and expenses of the sale, and
thereupon demanded that a certificate of sale be issued to
him.  The sheriff declined to issue the certificate for the
reason that his commission on the sale amounting to over
$200 had not been paid.  The contention of the plaintiff
was that he was not required to pay the amount of his bid
in cash, but that, in lieu thereof, he was entitled to hand
the sheriff a receipt in full of the amount due on the judg-
ment, and that the sheriff was not therefore entitled to
charge or receive commissions.  The California statute re-
ferred to in the opinion (Pol. Code, Sec. 4300b) allows the
sheriff a commission "for collecting money on execution."
The plaintiff's right to a certificate of sale under the circum-
stances was denied by the court on the ground that, al-
though a judgment creditor who bids in the property for the
amount of his judgment, may, as a matter of convenience,
arrange with the officer to have him accept a receipt for the
amount of the bid instead of the cash, the officer is not
bound to do that, but may require the successful bidder in
every instance to pay the amount of his bid in cash, and the
court said that the sheriff evidently took that position be-
cause of plaintiff's claim that he had no right to charge the
commission.

Having concluded that the sheriff is entitled to recover
the commission claimed by him, the judgment will be af-
firmed.                                        *Affirmed.*

BEARD, J., and SCOTT, J., concur.