**UNITED STATES of America, Plaintiff,**

v.

**Elizabeth M. JOHNSTON, Treasurer of Powell County, Montana, and Christ Siewert, Defendants.**

**No. 1191.**

United States District Court
D. Montana,
Butte Division.

Nov. 23, 1965.

Sorenson & Snyder, Helena, Mont., for defendants.

Moody Brickett, U. S. Atty., for plaintiff.

MURRAY, Chief Judge.

This is an action in which the plaintiff seeks to have declared null and void a tax deed issued by the defendant Elizabeth M. Johnston, Treasurer of Powell County, Montana, to the defendant Christ Siewert. The plaintiff also seeks a decree that the defendants, nor either of them, have any claim or interest or lien or encumbrance upon the property covered by the tax deed, and that the title to said property be quieted in the plaintiff as against the named defendants. The complaint further seeks damages against the defendant Siewert in the sum of $500.00 and a permanent injunction enjoining Siewert, or anyone acting under his direction or authority, from entering upon, occupying, or in any manner using the land involved.

After the defendants had answered the parties submitted the case on a stipulation of facts and briefs. The stipulation of facts, which the court adopts as its Findings of Fact, is as follows:

"That the property involved in this action is described as:

The East one-half of Section 3, less portions of mineral surveys number 656, 1704, 2798, Township

10 North, Range 6 West, M.P.M., Powell County, Montana;

"That the property was owned by, and taxes were assessed to Western Clay Manufacturing Company, a corporation; That on November 28, 1958, Western Clay Manufacturing Company, as mortgagor, executed a mortgage on 'all land * * * now owned and hereafter acquired by the mortgagor including, but not limited to, the following described property * * *'; the mortgage then went on to describe land in Powell County but did not specifically list the property involved here. Said mortgage was recorded in Powell County on December 22, 1958, in Book 27 of Mortgages, page 426; That taxes were unpaid and became delinquent for the year 1959 and the property was sold on July 18, 1960 for taxes, at public auction and struck off to Powell County, said County taking a Certificate of Sale; That on June 5, 1963, the Certificate of Sale was assigned to defendant Siewert; That on August 19, 1963, Notice of Application for Tax Deed was mailed by Christ Siewert to Western Clay Manufacturing Company citing that he would apply for Tax Deed on October 22, 1963; That on October 18, 1963, plaintiff, through Small Business Administration, paid all delinquent taxes to Powell County and was issued Certificate of Redemption No. 657; That on June 3, 1964, Defendant Johnson issued a tax deed covering said property to Defendant Siewert."

Because the defendants, in their brief, seemed to question the stipulation in the stipulation of facts that "plaintiff, through Small Business Administration, paid all delinquent taxes to Powell County and was issued Certificate of Redemption No. 657", the court ordered a further hearing. In their brief, the defendants contended that because the payment by the Small Business Administration to redeem the property was made by check rather than in "lawful money" as required by Section 84–4133, R.C.M.1947, the payment was ineffective to redeem the property. The defendants further contended that because the stipulation of facts recited merely that the Small Business Administration "paid all delinquent taxes to Powell County", it was not sufficient to show that the redemption statutes had been complied with, because, under the statutes the redemption must, in addition to delinquent taxes, pay interest and any additional tax with interest.

As a result of the further hearing, the court finds as facts, in addition to the stipulation of facts heretofore quoted, that the payment by the Small Business Administration to the Treasurer of Powell County was made by check and that all taxes and interest required by the Montana Redemption Statutes, and particularly Section 84–4154, R.C.M.1947, were included in the payment made by the Small Business Administration.

■ In their brief the defendants make the statement "We don't believe the government had any right to redeem." However, they do not argue this point and the court concludes from the facts contained in the stipulation that the government, acting through the Small Business Administration, did have a right to redeem under the provisions of Section 84–4132, R.C.M.1947, which provides as follows:

"A redemption of the property sold may be made by the owner, or any party having any interest in or lien upon such property, within thirty-six (36) months from the date of purchase, or at any time prior to the giving of the notice and the application for a deed as provided in this act."

By virtue of the mortgage referred to in the stipulation of facts the Small Business Administration qualified as a party having an interest in or lien upon such property.

■ The court also concludes that the redemption was timely made under the statute, as the stipulation of facts shows that the payment was made and the Cer-

tificate of Redemption issued on October 18, 1963, whereas the application for tax deed by the defendant Siewert was not made until October 22, 1963, and the tax deed was not issued until June 3, 1964.

The defendants' principal argument is that because Section 84-4133, R.C.M. 1947, provides in part "[r]edemption must be made in lawful money", that redemption made by check does not come within the terms of the statute. Defendants cite State v. Neilon, 43 Or. 168, 73 P. 321, at 324, in support of this argument. The Neilon case was a criminal case and a reading of the case indicates that it does not support the defendants' position. In that case a sheriff was convicted of embezzeling certain tax monies collected by him in the course of his duties. On appeal the defendant urged that his conviction should be reversed because there had been no showing that the money he had collected and failed to pay over to the County Treasurer was "lawful money of the United States". The Supreme Court, in affirming his conviction held in effect that if the taxes collected by him were in the form of checks, which were subsequently converted into cash, the embezzlement was complete.

Hooker v. Burr, 137 Cal. 663, 70 P. 778, and In Re Dargie's Estate, 33 Cal. App.2d 148, 91 P.2d 126, are cases wherein the contention raised here by the defendants was made and rejected. In the Dargie's Estate case, the court stated with reference to such a contention as follows:

"This claim is based solely upon the fact that a good check for the sum of $31,120, rather than actual cash in that amount, accompanied the bid. Said check was promptly cashed and the proceeds were in the hands of the executor before the return was filed. We need not discuss the question of whether the law required a deposit on such a sale of personal property or the question of whether the notice here required the deposit to be made in cash. We may

so assume but we are nevertheless of the opinion that the delivery and acceptance of a good check under the circumstances constituted a substantial compliance with all requirements of the law and of the notice of sale. (Citing cases). A substantial compliance is sufficient upon a probate sale. (Citing cases). It may well be that the executor could not be required to accept a check as a deposit (compare Mitchell v. Alpha Hardware etc. Co., 7 Cal.App.2d 52, 45 P.2d 442; Kelly v. Barnet, 24 Cal. App. 119, 140 P. 605), but where an executor does receive and accept a good check as a deposit and promptly cashes the same, it would be hypertechnical to hold that the sale is invalidated by the failure of the bidder to deliver or the failure of the executor to demand the payment in actual cash. As was said in Hooker v. Burr, supra, 137 Cal. at page 668, 70 P. at page 780, 99 Am.St.Rep. 17, ' * * * a check, after all, is but a convenient form of transferring money. * * *' And again in California Stearns Co. v. Treadwell, supra, 82 Cal.App. [553] at page 559, 256 P. [242] at page 245, ' "It would seem, however, that this court should take judicial notice of the fact that checks and drafts are usual and ordinary means of transacting business and transferring money in all business transactions." ' "

For the foregoing reasons the court concludes that the redemption by the Small Business Administration of the property described in the stipulation of facts was effective under the statutes of the State of Montana; that the tax deed of June 3, 1964, issued by the defendant Elizabeth M. Johnston, Treasurer of Powell County, Montana, to Christ Siewert is null and void; that the title of the plaintiff in and to said property should be quieted in the plaintiff as against the defendant Elizabeth M. Johnston, Treasurer of Powell County, Montana, and Christ Siewert, and that the defendant Christ Siewert, or anyone act-

ing under his direction or authority, should be enjoined permanently from entering upon, occupying or in any manner using the land described in the stipulation of facts.

As to the prayer in the complaint for damages against the defendant Christ Siewert, no evidence relating to said damages has been presented and the court has been orally informed by counsel for plaintiff that said claim for damages is waived.

Counsel for the plaintiff is directed to prepare a judgment and decree in accordance with these Findings of Fact, Conclusions of Law and Memorandum and submit it to counsel for the defendants for approval as to form only as provided in Rule 11(b) of the Rules of this Court.